## J. O. Smith v. The State.

No. 3900.     Decided February 13, 1907.

**Carrying Pistol—Business Office—Store House—Rented Premises.**

Where upon trial for a violation of unlawfully carrying a pistol the evidence showed that the defendant had dealings with laborers about a brick yard; that he sold to them on credit and collected his debts when the brick company paid off the hands; that in order to carry on his business and keep up with his trade with these laborers, etc., he made a contract with the manager of said brick company to use the company's books and business office as his place of business for these purposes; and that on the occasion in question he had on his person a pistol in said office, there was no violation of the law.

Appeal from the County Court of Parker. Tried below before the Hon. R. L. Stenniss.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Preston Martin,* for appellant.—Campbell v. State, 11 S. W. Rep., 832; Rines v. State, 38 S. W. Rep., 1016.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—It is contended the evidence is not sufficient to justify appellant's punishment for carrying a pistol. The State introduced the witness Maceo, the substance of whose testimony is that he saw appellant in the office of the Brick Company at Lakota with a pistol; that he had it on his person and it fell out on the floor. This is the State's case. Appellant's testimony admits that he had the pistol on the occasion and at the place indicated by the State's witness Maceo. His evidence further discloses that the Brick Company owned a store-house, which had been rented to appellant; that a large portion of appellant's trade was with the hands or laborers about the brick yards; that he sold to them on credit and collected his debts when the Brick Company paid off the hands; that in order to carry on his business and keep up with his trade with these laborers, and the time of the payments, and in order to regulate the amounts that he would sell them on credit, he made a contract with the manager of the Brick Company to use the Company's books so as to keep in touch with the dates of payment and amounts of credit he could extend to the laborers, and for this purpose entered into a contract with the manager of said Brick Company to use the Company's books and business office as his place of business for these purposes, and for which he paid $50 a month, and that under his contract with the Company he rented the store-house at $40, and the use of the business office of the Brick Company and access to the books at $50 a month; that when he had the pistol he was in the Brick Company's office. It is conceded that the place where appellant had the pistol was in the office of the Brick Company. Appellant's testimony further shows that he used the Brick Company's office and the books of the Company on pay-days as a basis of settlement with the laborers who had traded with him, and that he had access to the books and the office at all times day and night. We are of opinion that under the statute this was sufficiently his place of business to authorize him (appellant) to have the pistol. The judgment is reversed and the cause remanded.

*Reversed and remanded.*