## I. R. WILLIAMS v. THE STATE.

No. 19063.   Delivered June 23, 1937.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—The judgment of affirmance is withdrawn and the following substituted therefor.

The State sought to charge appellant by complaint and information with violating Articles 1105 and 1106 of Vernon's Ann. Tex. P. C., which regulates the sale of motor fuel. The part of Art. 1105 applicable to this case provides:

"No person   * * shall expose for sale * * * as gasoline or motor fuel, any substance, liquid or product of petroleum which falls below the standard of gasoline or motor fuel, the minimum requirement of which such standard shall be determined by

the following distillation range * * * 4. The end or dry point of distillation must not be over 437 degrees Fahrenheit; 5. The residue shall not exceed two (2d) per cent."

Art. 1106 excepts gasoline sold from pumps labeled "Inferior Motor Fuel." Art. 1111, Vernon's Ann. Tex. P. C., provides that any person who shall "knowingly violate any of the provisions of Art. 1105 or 1106 shall be guilty of a misdemeanor and fixes the punishment. On January 27th, 1936, a complaint was made against appellant which only averred that on the 5th day of July, 1935, he "did * * * unlawfully expose for sale as gasoline and motor fuel a substance, below the standard of gasoline and motor fuel, as required by law * * *" We set out the charging part of the information which was filed on said complaint, underscoring that portion which is not found in the complaint.

"* * * Did on or about the 5th day of July, A. D. 1936, unlawfully and *knowingly* expose for sale as gasoline and motor fuel a substance, liquid and product of petroleum which was below the standard of gasoline and motor fuel, as provided by law, *in that the end and dry point of distillation of said substance, liquid and product of petroleum was then and there over 437 degrees Fahrenheit; and said substance, liquid and product of petroleum was then and there intended for use as motor fuel and gasoline and exposed for sale in a filling station pump accessible to the motoring public and gasoline pump was not then and there labeled in plain legible lettering in the English language in the full view of the public with the words 'Inferior Motor Fuel', in lettering of solid black type not less than two inches in height and not less than one half inch paint stripe of black oil paint on white oil paint background.*"

Appellant moved to quash the complaint because (a) it alleged no offense, (b) was insufficient to support the information. The motion was overruled. Article 222, C. C. P., provides that a complaint "must show that the accused has committed some offense against the law of the State." It will be observed that the complaint omits to charge that appellant "knowingly" exposed the fuel for sale, and likewise omitted to allege that the pumps were not labeled "Inferior Motor Fuel" as well as many other averments found in the information. The latter is good, the complaint is fatally defective. See Milton A. Callaway v. State, No. 18,997, opinion of date May 5, 1937, not yet reported (132 Texas Crim. Rep., 384).

We quote from the opinion on rehearing in Jarrell v. State, 120 Texas Crim. Rep., 306, 49 S. W. (2d) 752.

"Without a valid complaint, the information is worthless and will not sustain a conviction. If the complaint be defective in respect to a matter of substance, then the information based thereon cannot stand. Branch's Ann. P. C., Sec. 476, see, also, Smith v. State, 3 Tex. App. 549; Jennings v. State, 30 Tex. App. 428, 18 S. W. 90; Suddeth v. State, (Tex. Cr. App.) 100 S. W. 155." See, also, Prock v. State, 114 Texas Crim. Rep., 411, 23 S. W. (2d) 728; Reynolds v. State, 82 Texas Crim. Rep., 326, 198 S. W., 958.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of conviction is reversed and the prosecution ordered dismissed.

*Judgment reversed and prosecution ordered dismissed.*