BEDFORD W. PITTS V. THE STATE.

No. 23502. Delivered December 4, 1946.

The opinion states the case.

*Chris Dixie* and *King C. Haymie,* both of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for aggravated assault, the punishment, sixty days in jail.

The information contained multiple counts. The conviction was predicated upon that count which charged an assault with premeditated design and by the use of means calculated to inflict great bodily injury, as provided by Sec. 9 of Art. 1147, P.C.

The pivotal question is whether the information was based

upon a sufficient complaint. It is elementary that an information must be based upon a proper complaint, without which the information is fatally defective. 23 Tex. Jur., Sec. 12, p. 601, Branch's P. C., Sec. 476.

The count in the complaint upon which the information rested reads as follows:

"And the affiant aforesaid further states upon her oath that she has good reason to believe and does believe that heretofore on or about the 12th day of February, 1946, in said County of Harris and State of Texas, the said Bedford W. Pitts & James I. Finn did, with premeditated design, and by the use of means calculated to inflict great bodily injury, to-wit, hands & feet, and did then and there by the use of said means and with premediated design, injure the said J. F. Larkin."

The question presented is whether such allegation charged the offense of aggravated assault, or any offense at all.

It will be noted that there is no allegation that an assault was committed upon the alleged injured party. Indeed, there is no allegation that what was done or alleged to have been done by the accused was unlawful. The allegation goes no further than to allege that by the use of the hands and feet the accused, with premeditated design, injured J. F. Larkin. Do such facts state a violation of the law?

Art. 1138, P. C. defines assault and battery and assault as follows:

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault."

It is thus made to appear that the violence used or attempted to be used must be unlawful and done with an intent to injure. While it is true that when an injury is inflicted by violence, the intent to injure may be presumed (Art. 1139, P. C.), yet what is done must be unlawful.

It must be remembered it is not in every instance that violence to the person amounts to an assault or battery. Instances exist where such is lawful, as shown by Art. 112, P. C.

There being no allegation that the acts charged against appellant were unlawful or that he thereby committed an assault or battery upon the injured party; we are constrained to conclude that the complaint fails to charge the offense of aggravated assault and that therefore the information was not based upon a valid complaint.

It follows from what has been said, the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

BEAUCHAMP, JUDGE, did not participate in this decision.