**Bobby Fay CISCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40123.**

Court of Criminal Appeals of Texas.

Feb. 15, 1967.

**548**

W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Phyllis Bell and Shelly P. Hancock, Asst. Dist. Attys. Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $100.

Appellant predicates his appeal upon one ground of error—which is the contention that the complaint, upon which the information was based, "as to substance, is unconstitutional, void and a nullity since there is no allegation therein of affiant's personal knowledge or showing of probable cause that the offense was committed by Defendant."

Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, and Barnes v. State of Texas, Tex.Cr.App., 390 S.W.2d 266, Id., 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, are cited and relied upon by appellant in support of his contention.

The complaint, omitting the formal parts, reads:

"I, Irene K. Harper, being duly sworn do state upon my oath that I have good reason to believe and do believe that in said County of Harris and State of Texas, heretofore on or about the 16th day of February, A.D. 1966, Bobby Fay Cisco did then and there unlawfully, while intoxicated, drive and operate a motor vehicle upon a public highway in said Harris County, Texas."

 Recently, in Vallejo v. State, Tex. Cr.App., 408 S.W.2d 113, this court overruled a similar contention made in an attack upon a complaint filed in corporation court and pointed out that the cases of Giordenello v. United States, supra, and Barnes v. Texas, supra, relate to the necessity of stating facts constituting probable cause in a complaint or affidavit for the issuance of a warrant of arrest used as a basis for a search, or for the issuance of a search warrant, and have no application to a complaint made in court as the basis of a criminal prosecution.

We are not here dealing with the question of the legality of a search but with the sufficiency of the complaint to support the information.

The instant complaint contains the requisites prescribed by Art. 15.05 of the 1965 Vernon's Ann.Code of Criminal Procedure. We hold the complaint valid.

The judgment is affirmed.