Cresencio **DE LEON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–203–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 20, 1984.

Jon Bonilla, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

## OPINION

PER CURIAM.

This is an appeal from a conviction of murder where the punishment was assessed by a jury at 72 years. Appellant and his wife, Margarita De Leon were indicted together for the murder of their son, Angel Love De Leon. The indictment alleged that the parents intentionally and knowingly caused the death of their child by omitting to provide food and medical care under the parental statutory duty of Section 12.04(3) of the TEX.FAM.CODE ANN. (Vernon 1975). After the cases were severed, a trial before a jury resulted in appellant's conviction and sentence. Margarita De Leon's conviction is also before this Court in Cause Number 13–82–115–CR.

In his first ground of error, appellant complains of the introduction into evidence of numerous photographs of the victim. Three of the photographs showed the child in his early stage of development and depict him as appearing normal and healthy. The remaining photographs show him as he appeared when he was originally discovered dead and as he appeared unclothed the day after his death but before

the autopsy was performed. There is no complaint that the photographs do not accurately reflect the physical condition of this child at the time of his death and at the time the photographs were taken. The complaint is that the cumulative effect of the photographs was to inflame and enrage the minds of the jury against appellant.

Appellant concedes that the rule in Texas concerning admissibility of photographs is presented by the case of *Martin v. State*, 475 S.W.2d 265 (Tex.Crim.App.1972). In Martin, Judge Odom, speaking for the Court, said:

"We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible."

A discussion of the rule announced in Martin has been made by this Court in *Reimer v. State*, 657 S.W.2d 894 (Tex.App. —Corpus Christi 1983, no pet.) which further points out that the determination of the admissibility of the photographs as evidence, as in other types, rests largely in the discretion of the trial judge.

Dr. Joseph C. Rupp, the Nueces County Medical Examiner, testified, without objection that:

"The body was that of a poorly developed and poorly nourished white male infant, which measured thirty inches in length and weighed an estimated fourteen pounds and appeared the recorded age of seventeen months. The hair was of normal distribution but was sparse. The eyes were sunken in their sockets. The teeth were natural and in the process of erupting. The body surfaces were poorly cared for, and the subject was just really skin and bones and was malnourished and dehydrated ... there were ant and roach erosion marks over the neck and cheeks and the ears and the tips of the toes and fingers, and there were bruises on the ears; bruise across the bridge of the nose; bruises of the forehead; bruises on the cheeks; and the bruises were of varying ages. In other words, they were done at different times. The buccal mucosa, which is the inner skin of your mouth, revealed a large ulceration of laceration of the frenulum; and the frenulum is that little membrane you feel when you stick your tongue up in the middle of your upper lip; a large laceration and ulceration of the frenulum, as well as a large lacerated area along the upper part of the left—left side of the head; and there was on the lower lips some contusions of the gingiva, which is the tissue around your teeth, and a lacerated and ulcerated area of mucosa of the lower lip. There was also what appeared to be a small bruise on the penis ... the subject had no fat, no subcutaneous fat, which of course, is the malnourished part of it, and the organs were relatively small for this—for a subject like this, because of the loss of protein during the malnourished phase of this child's existence, and then we found in the intestinal tract a few small masses. The stomach was empty. The small intestine was empty, distended with gas, however, and the few small masses of the fecal material in the large intestine which were very hard, and the few small masses indicate one, that the child hadn't been fed or wasn't eating well, and that the fact that they're hard means that the body has extracted all of the water out of them, because the body is trying to conserve water because it isn't taking in any water, part of the dehydration process."

It is difficult to imagine that photographs which depict the conditions described by Dr. Rupp would not be gruesome and tend to enrage anyone who believed that some individual had caused such condition. The proper purpose of the State's prosecution in this instance was to prove, first, that this situation existed, and, second, that appellant was guilty of causing it. The photographs accurately reflected the condi-

tion of the child as described by Dr. Rupp. They were relevant, competent and material to issues involved in the proceeding. We hold the photographs were admissible. Appellant's first ground of error is overruled.

By his second ground of error, appellant charges that the indictment is fundamentally defective. He claims that it fails to set forth sufficient facts to constitute an offense and further that the date is not alleged with sufficient certainty.

Without stating the formalities, the indictment alleges that appellant and the co-indictee on or about the 3rd day of August, A.D. 1981,

"did then and there intentionally and knowingly cause the death of Angel Love De Leon, their child, by omitting to perform the following acts, to wit: providing Angel Love De Leon with food and providing Angel Love De Leon with medical care, when they had a duty to perform said acts under Title 2 Chapter, Section 12.04(3) Texas Family Code in that they were then and there the parents of the said Angel Love De Leon as defined by said Title 2, Chapter 12, Section 12.04 Texas Family Code ...."

■ Appellant's complaint that the indictment fails to give him notice of precisely what he is charged with is without merit. While the grammar in the indictment might be improved upon, a careful examination of the wording leaves no doubt of the offense with which he is charged. Appellant further complains that the parent-child relationship is not sufficiently alleged. In *Ronk v. State*, 544 S.W.2d 123 (Tex.Crim. App.1976) an indictment was dismissed for failure to allege a parent-child relationship in a case similar to the instant case. The court pointed out that under TEX. PENAL CODE ANN. § 6.01 (Vernon 1974) an omission to perform an act does not constitute an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act. A person is not generally obligated to provide food or medical care for another but the Texas Family Code provides that parents (as defined in the Code) are re-

quired to provide these to their child (as defined in the Code). The indictment in *Ronk*, supra, failed to allege that the person charged was a parent, hence, no offense was charged. The indictment in this case clearly alleges that Angel Love De Leon was "their child" and "they were then and there the parents of Angel Love De Leon." We hold the indictment sufficient to allege the offense of murder. *Ex parte Linda Moss*, 598 S.W.2d 877 (Tex.Crim. App.1980).

■ Appellant further complains that because the indictment alleged the date of the offense to be "on or about the 3rd day of August, 1981" he could not determine the date of the alleged offense with reasonable certainty. TEX. PENAL CODE ANN § 21.-02(b)(6) (Vernon 1974) only requires that the time mentioned be some date anterior to the presentment of the indictment and not so remote as to be barred by limitation. The method chosen by the State in alleging the date in this is consistent with good pleading and has been often approved. *Ex parte Hyett*, 610 S.W.2d 787 (Tex.Crim. App.1981); *Williams v. State*, 565 S.W.2d 63 (Tex.Crim.App.1978); and *Nees v. State*, 402 S.W.2d 186 (Tex.Crim.App.1966). Appellant's second ground of error is overruled.

■ In his third and fourth grounds of error, appellant challenges the sufficiency of the evidence to support the conviction and claims that the evidence was not sufficient to show he was a parent and, in fact, that as a matter of law he was not the father of the deceased. Some of the evidence concerning these matters was mentioned in our discussion of appellant's first and second grounds of error. In addition, the evidence was undisputed that appellant was married to the mother of the victim in December, 1972, and that the victim was born on February 11, 1980. While appellant presented evidence that he was not the father of the deceased, it is well settled that a child born during marriage is presumed to be the legitimate child of the husband and wife. *Thompson v. Thompson*, 572 S.W.2d 761 (Tex.Civ.App.—Tyler 1978, no writ). Of course, this presumption

may be rebutted. *Davis v. Davis*, 521 S.W.2d 603 (Tex.1975). The other evidence in this case showed that appellant was at home a substantial period of time immediately prior to the death of Angel Love De Leon and was in charge of the family; that he knew or should have known of the child's deteriorating condition; and that nothing was done for the child. While appellant testified that he cared for and fed the child, the evidence to the contrary was substantial. The testimony of Dr. Rupp, as to the appearance of the child and the condition of the intestine and fecal matter clearly contradicted appellant. *Harrington v. State*, 547 S.W.2d 616 (Tex.Crim. App.1977). Appellant's third and fourth grounds of error are overruled.

Finally, appellant complains of the trial court's action in allowing Amado De Leon, a minor child of appellant to testify. The trial judge satisfied himself that the child was competent. Appellant does not quarrel with this decision but claims that there should be a parent-child privilege established to prevent a child from testifying in a proceeding involving a parent. We believe the creation of such a privilege would not be consistent with the ends of justice and decline to recognize such a privilege. Appellant's fifth ground of error is overruled.

Finding no error, the judgment of the trial court is AFFIRMED.