**Erma GREEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–87–004–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 24, 1987.

Lawrence P. Gwin, Jr., Bay City, for appellant.

John C. Dickerson, III, Co. Atty., Bay City, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of possession of marihuana, and assessed punishment at sixty days' imprisonment, thirty to be served in jail and the remaining thirty to be probated for six months, and a $500.00 fine. Appellant raises four points of error. We affirm the judgment.

Appellant's first point cites as error the trial court's failure to suppress the fruits of a search. Appellant claims the affidavit used to secure the search warrant failed to establish probable cause. We have examined the probable cause paragraph of the affidavit, which includes statements that the affiant made an undercover buy at the residence on February 5, 1986, and that on May 28, 1986, a person arrested for delivery of cocaine said that the suspects had supplied it. Numerous reports of narcotic trafficking from a confidential informant are recorded. On August 26, 1986, the informant told the affiant that his associates had bought cocaine at the residence within 24 hours. The warrant was issued on August 26, 1986, and was executed on August 27, 1986.

 Appellant urges us to consider each clause separately and strike each which is not independently timely and reliable. This is not the test. Probable cause exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the property that is the object of a search probably is on the person or premises to be searched at the time the warrant issues. *Gish v. State,* 606 S.W.2d 883, 886 (Tex.Crim.App.1980). A "totality of the circumstances" test applies to a search warrant affidavit's statement of probable cause. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Eisenhauer v. State,* 678 S.W.2d 947, 951–52 (Tex.Crim.App.1984). The task of the magistrate in determining probable cause is to make a common-sense determination, given all the circumstances set forth in the affidavit, if there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. The duty of the reviewing court is to ensure that the magistrate had a substantial basis to conclude that probable cause existed. *Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. *Eisenhauer,* 678 S.W.2d at 952.

 In *Illinois v. Gates,* the informant's tip was corroborated through other sources of information, reducing the chances of a reckless or prevaricating tale. The Supreme Court held that this provided a substantial basis for crediting the hearsay. *Il-*

linois v. Gates, 462 U.S. at 244–45, 103 S.Ct. at 2335. In our case, the information supplied by the informant was consistent with information from two other sources. One of the other sources was the affiant who had made an undercover buy there a few months earlier. We hold that the magistrate had a substantial basis to conclude probable cause existed.

■ Moreover, point one of appellant's brief, which consists of constitutional challenges, failed to separate state and federal issues into separate grounds, providing substantial and separate analysis of each. If sufficient distinction between state and federal questions is not provided by counsel, the point may be overruled as multifarious. McCambridge v. State, 712 S.W.2d 499, 501–502 n. 9 (Tex.Crim.App.1986); Dees v. State, 722 S.W.2d 209, 213 (Tex. App.—Corpus Christi 1986, no pet.). We overrule point one.

■ By point two, appellant argues that the trial court lacked jurisdiction, claiming that no complaint exists to support the information. Appellant correctly points out that the information must be supported by a valid complaint. Lane v. State, 86 S.W.2d 772 (Tex.Crim.App.1935); Tex.Code Crim.Proc.Ann. art. 21.22 (Vernon 1966). However, we reject his theory that the affidavit supporting the search warrant is not the required complaint. Appellant urges that, even though the documents are named "Complaint and Arrest Warrant" in the index to the transcript, the "Complaint" required is contemplated by the law to be a different instrument from the affidavit supporting the warrant because the requirements of a complaint differ from the requirements of an affidavit in support of a warrant. (We note that the requisites of a complaint are less stringent than those for a search warrant affidavit. Wells v. State, 516 S.W.2d 663, 664 (Tex.Crim.App.1974)). However, if the affidavit meets the statutory requirements of a complaint, Tex.Code Crim.Proc.Ann. art. 15.04 and 15.05 (Vernon 1977), the law has been fulfilled. The record shows that the affidavit and return meet the requirements and that the information was presented and filed in compli-

ance with Tex.Code Crim.Proc.Ann. art. 21.22 (Vernon 1966). We overrule point two.

■ By his third point, appellant claims that the trial court committed reversible error by denying appellant's motion to dismiss, alleging a fatal variance between the complaint and the information. The motion to dismiss was presented during trial, after the State rested but before the defense opened.

Appellant's attorney pointed out that the affidavit and return allege the possession to have been on August 27, 1986, but the information alleges that the possession was "on or about the 27th day of July, A.D. 1986." All of the evidence concerned August 27, 1986, and the court's charge stated that the offense was "alleged to have been committed on or about the 27th day of July."

When the charging instrument alleges that the offense was committed "on or about" a date, the State is not bound by that date, but conviction may be had upon proof that the offense was committed any time prior to the return of that indictment that is within the period of limitation. Ex parte Hyett, 610 S.W.2d 787, 789 (Tex. Crim.App.1981); Smith v. Millsap, 702 S.W.2d 741, 744 (Tex.App.—San Antonio 1985, no pet.); DeLeon v. State, 684 S.W.2d 778, 781 (Tex.App.—Corpus Christi 1984, no pet.); Tex.Code Crim.Proc.Ann. arts. 21.02(6) and 21.23 (Vernon 1966). We overrule point three.

■ Appellant's fourth point contends that the trial court committed reversible error by denying a requested instruction defining a "usable amount."

Tex.Civ.Stat.Ann. art. 4476–15 § 4.051(a) (Vernon Supp.1987) provides that "a person commits an offense if he knowingly or intentionally possesses a usable quantity of marijuana." Under § 4.051(b)(1) (Vernon Supp.1987), the offense is a Class B misdemeanor if the amount of marihuana possessed is two ounces or less. No special definition of a "usable amount" appears in the statute. If a word, term, or phrase has not been statutorily defined at the time of

trial, the charge need not include a definition of the word, term, or phrase. *Mosley v. State*, 686 S.W.2d 180, 182 (Tex.Crim. App.1985). No instruction defining "usable amount" was necessary. We overrule point four.

The judgment of the trial court is AFFIRMED.