Juan Arredondo TREVIÑO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–535–CR.

Court of Appeals of Texas,
Corpus Christi.

March 17, 1994.

Rehearing Overruled April 14, 1994.

Manuel Marroquin, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before DORSEY, GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Pursuant to a plea bargain agreement, the trial found appellant, Juan Trevino, guilty of possession of heroin. Appellant brings three points of error asserting that the trial court erred in denying his motion to suppress illegally seized evidence. We affirm.

In April 1992, Officer Laurie Stewart of the Tri–County Narcotics Task Force conducted an investigation involving Trevino after receiving information from a confidential informant that Trevino was selling heroin from a particular apartment unit. As a result of the investigation, Stewart obtained a warrant to search Trevino's apartment for heroin. Stewart's affidavit in support of a search warrant states in pertinent part:

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: I am a Peace Officer with authority in this County and am engaged in undercover narcotics investigation. On 4/28/92, I received information from a confidential informant, hereinafter referred to as CI. CI informed me that CI had learned through contacts with several heroin users that the suspected party was selling heroin from the suspected place. CI also informed me that the suspected party will only sell heroin to people he knows.

To confirm this information, I met with an individual named Felipe Vasquez, also known as Huero. Vasquez does not know I am a police officer. I have led Vasquez to believe that I am a heroin user. Vasquez informed me that he knows Juan Trevino and that he was able to buy heroin from him. On 4/28/92, I went with Vasquez to the suspected place. Vasquez instructed me to wait in the car, while he purchased the heroin. I gave money to Vasquez and observed him exit my vehicle and go up the stairs, leading to the suspected place. The only apartment at the top of these stairs is the suspected place. A short time later, Vasquez returned to my vehicle and handed me a quantity of heroin, which he stated that he purchased at the suspected place.

On 4/29/92, I again went to the suspected place with Vasquez to purchase heroin. Vasquez again instructed me to wait in the car, while he went to the suspected place to purchase the heroin. I gave Vasquez money and observed him exit my vehicle and go up the stairs to the suspected place. A brief time later, Vasquez returned to my vehicle and delivered a quantity of heroin to me. The substances delivered to me by Vasquez on the two dates field tested positive for heroin.

On April 29, 1992, officers of the task force executed the search and arrest warrant. They entered Trevino's apartment and found, among other things, three packets of heroin.

At a pre-trial hearing on September 4, 1992, the trial court denied Trevino's motion to suppress illegally seized evidence. On September 16, 1992, pursuant to a plea bargain agreement with the State, Trevino pleaded guilty to the offense of possession of heroin. The trial court accepted the guilty plea. In accordance with the plea bargain agreement, the trial judge sentenced Trevino to ten years in prison and a $1,000 fine. The imposition of imprisonment was suspended and Trevino was placed on probation for ten years. Trevino appeals the trial court's judgment.

By his first and second points of error, Trevino argues that the trial court erred in denying his motion to suppress because the search warrant was invalid. Specifically, Trevino contends that the affidavit in support of the warrant failed to state sufficient facts upon which the issuing magistrate could find probable cause as required by the Fourth Amendment of the U.S. Constitution and Article I, Section 9 of the Texas Constitution. Appellant claims the affiant did not vouch for the veracity of his sources of information nor did he adequately demonstrate the informants' basis of knowledge as to the information they provided.

■■■ When analyzing and interpreting Art. I, § 9 of the Texas Constitution, the Texas Court of Criminal Appeals has held that it will not be bound by Supreme Court decisions addressing the comparable Fourth Amendment issue. *Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991). While the decisions of the Supreme Court represent the minimum protections which a state must afford its citizens, state constitutions can provide additional rights to their citizens. *Id.* The "totality of the circumstances" test is applied to determine whether probable cause exists for the issuance of a search warrant under the Fourth Amendment. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). This test permits the magistrate to assess and balance the relative weights of all the various indicia of reliability pertaining to an informant's tip. *Gates,* 462 U.S. at 234, 103 S.Ct. at 2330. The same test applies to probable cause determinations in Texas. *Johnson v. State,* 803 S.W.2d 272, 288–89 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991); *see also Amores v. State,* 816 S.W.2d 407, 413 (Tex.Crim.App. 1991).

■■■ The task of the magistrate issuing a search warrant is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. An affiant must present the magistrate with sufficient information to allow him to determine probable cause; a mere conclusory statement will not do. *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332. Although

sufficiency should be determined from the "four corners" of the affidavit, the magistrate can make reasonable inferences from the facts presented. *Zule v. State*, 802 S.W.2d 28, 32 (Tex.App.—Corpus Christi 1990, pet. ref'd).

 The veracity and basis of knowledge of persons supplying hearsay information are relevant considerations in the totality of the circumstances analysis. *Gates*, 462 U.S. at 233, 103 S.Ct. at 2329. However, a deficiency in one may be compensated for by some other indicia of reliability. *Id.* An affiant can rely on hearsay as long as a substantial basis for crediting the hearsay is presented. *Gates*, 462 U.S. at 241–42, 103 S.Ct. at 2334; *Green v. State*, 736 S.W.2d 218, 219 (Tex.App.—Corpus Christi 1987, no pet.). Thus, an informant's tip should be corroborated through the independent investigation of the police or through other sources of information. *Gates*, 462 U.S. at 241–42, 103 S.Ct. at 2334; *Green*, 736 S.W.2d at 219.

 An appellate court does not engage in *de novo* review of the sufficiency of the affidavit. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *Johnson*, 803 S.W.2d at 289; *Zule*, 802 S.W.2d at 32. Rather, the reviewing court's duty is to determine whether the issuing magistrate had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332; *Johnson*, 803 S.W.2d at 289; *Green*, 736 S.W.2d at 219. A magistrate's determination of probable cause should be given great deference by reviewing courts. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *Johnson*, 803 S.W.2d at 289.

 Here, affiant did not present any facts to establish the veracity of the unnamed informant. Appellant cites *Avery v. State*, 545 S.W.2d 803, 804 (Tex.Crim.App.1977), for the principle that if the informant is unnamed, certain averments regarding the informant's criminal record and reputation in the community must appear in the affidavit. However, *Avery* was decided based on the two-pronged test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The Supreme Court in *Gates* stated

that it is better to abandon the two-pronged test and replace it with the totality of the circumstances test. 462 U.S. at 238, 103 S.Ct. at 2332. Failure to present facts regarding the unnamed informant's veracity is therefore not determinative of the probable cause question.

 Although the informant's veracity was lacking, the affiant did provide additional facts to corroborate the informant's tip by stating that Vasquez was able to buy the heroin from Trevino at his apartment. Moreover, Vasquez' statement that he knew Trevino and could buy heroin from him was corroborated through independent investigation. Posing as a heroin user, affiant went with Vasquez to Trevino's apartment building. Affiant waited in the car while Vasquez went up the stairs leading to Trevino's apartment. The only apartment at the top of the stairs was Trevino's. A short time later, Vasquez returned with the heroin which he purported to have purchased at Trevino's apartment. From these facts, it would have been reasonable for the magistrate to infer that Vasquez purchased the heroin at Trevino's apartment even though affiant did not actually see Vasquez enter the apartment.

Affiant testified at the pre-trial hearing on the motion to suppress that he lost sight of Vasquez once he reached the top of the stairs. However, this information was not included in the affidavit and thus was not available to the magistrate when he issued the warrant. Given all the circumstances set forth in the affidavit and the reasonable inferences that can be drawn from the facts, the issuing magistrate had a substantial basis for concluding that there is a fair probability that heroin would be found in Trevino's apartment. Appellant's first and second points of error are overruled.

By his third point of error, appellant argues that the affidavit supporting the search warrant was legally deficient under Article 38.23 of the Texas Code of Criminal Procedure, the Texas statutory exclusionary rule. TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1994). Since we have determined that the evidence obtained violated neither the Texas or federal Constitution and sufficiently states probable cause, appellant's third point

is without merit. Appellant's third point is overruled.

The judgment of the trial court is affirmed.