

# NUMBER 13-10-00087-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **AMADEO SAENZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 197th District Court
### of Willacy County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes**
**Memorandum Opinion by Justice Perkes**

Pursuant to a plea-bargain agreement, appellant, Amadeo Saenz, pleaded guilty to third-degree felony theft and was placed on deferred-adjudication community supervision for a term of two years and ordered to pay restitution. *See* TEX. PENAL CODE ANN. § 31.03 (a), (b)(1), (e)(5) (West 2003); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a)

(West 2003). By a single issue, appellant argues the trial court erroneously denied his pre-trial motion to suppress a stolen motor boat that was seized from appellant's residential property.[1] Appellant argues the evidence should have been suppressed because the search warrant used to enter his property was not issued upon a showing of probable cause. We affirm.

## I. FACTUAL BACKGROUND

In August 2007, a 1987 Shallow Sport boat with a Suzuki 140 horsepower motor, valued between $20,000 and $100,000, was stolen from a storage yard at the Mansfield Club in Port Mansfield, Texas. On May 28, 2008, Will Bullock, the manager of the Mansfield Club, provided a voluntary written statement to the Law Enforcement Division of the Texas Parks and Wildlife Department. In his statement, Bullock stated that someone who wished to remain unknown reported to him that the stolen boat was located at a particular location in Cameron County, Texas. Bullock stated further that he had driven past the location and observed the front section of a boat, which matched the stolen boat, adding he could not verify it was the same boat but the color was correct. The boat had a bright, baby-blue hull.

After driving by the location and observing from the road a boat that matched Bullock's description of the stolen boat, Game Warden David Nieto obtained a search warrant to enter the property and seize the motor boat and the trailer to which it was attached. While Nieto obtained the warrant, another game warden watched the property from the road. When the warrant was executed, the boat and trailer were stationed in

---

[1] In his testimony at the pre-trial hearing on appellant's motion to suppress, Game Warden David Nieto of the Texas Parks and Wildlife Department described the residential property as belonging to appellant.

2

front of or just under an unenclosed, three-sided shed, located approximately forty yards from appellant's residence.

Appellant filed a written pre-trial motion to suppress the stolen property, arguing Nieto's search-warrant affidavit lacked sufficient facts to show probable cause and therefore the search warrant should not have been issued and the search and seizure were illegal. *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01(b); 38.23(a) (West 2003).[2] In his search-warrant affidavit, Nieto included identification numbers for the boat, trailer, and motor, and referenced a written witness statement as a basis for probable cause. But, in his affidavit, Nieto did not mention Bullock by name or otherwise set forth the contents of Bullock's witness statement. After holding a pre-trial hearing on the motion, the trial court denied appellant's motion to suppress and this appeal followed.[3]

## II.  STANDARD OF REVIEW

The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution guarantee the right of the people to be secure against unreasonable governmental searches of their persons, houses, papers, and effects. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9.  By Texas law, a peace officer requesting

---

[2] Article 18.01(b) provides, in relevant part: "No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance."  TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West 2003).

Article 38.23(a) provides, in relevant part: "No evidence obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."  *Id.* art. 38.23(a).

[3] The trial court's adverse ruling on appellant's motion to suppress preserved appellant's single issue for review.  *See* TEX. R. APP. P. 33.1; *Garcia v. State*, 45 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2001, no pet.).  Though appellant was placed on deferred-adjudication community supervision and not convicted, appellant has a right to appeal the trial court's denial of his motion to suppress.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2003); *Hargesheimer v. State*, 182 S.W.3d 906, 908 (Tex. Crim. App. 2006); *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991).

a search warrant must file a supporting affidavit averring facts sufficient to establish probable cause.   *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(b).

Probable cause exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the property that is the object of a search probably is on the premises to be searched.   *Green v. State*, 736 S.W.2d 218, 219 (Tex. App.—Corpus Christi 1987, no writ) (citing *Gish v. State,* 606 S.W.2d 883, 886 (Tex. Crim. App. 1980)). We review whether the "totality of the circumstances" justifies a magistrate's conclusion that the statements in a search-warrant affidavit set forth probable cause; no particular criteria is considered dispositive.   *Id.* (citing *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). The magistrate's task in determining probable cause is to make a common-sense determination, given all the circumstances set forth in the affidavit, whether there is a fair probability that contraband or evidence of a crime will be found in a particular place.   *Id.* As a reviewing court, we ensure the magistrate had a substantial basis to conclude that probable cause existed.   *Id.*

In keeping with the constitutional preference for warrants, we review a magistrate's probable-cause determination under a highly deferential standard.   *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).   When reviewing a search-warrant affidavit, we review only within the four corners of the search-warrant affidavit for probable cause and cannot consider, for instance, statements made during a hearing on a pre-trial motion to suppress.   *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996); *Jones v. State*, 338 S.W.3d 725, 734 (Tex. App.—Houston [1st Dist.] 2011, no pet.).   Instead, we interpret search-warrant affidavits to determine whether the magistrate could have found

4

probable cause based on the facts the affiant provided and the inferences supported by those facts. *Rodriguez*, 232 S.W.3d at 62. When in doubt, we defer to all reasonable inferences the magistrate could have made. *Id.* at 61.

### III. ANALYSIS AND DISCUSSION

Appellant argues Nieto's affidavit was insufficient to support the magistrate's probable-cause finding because it did not name the witness (i.e., Bullock) or demonstrate his reliability and it did not specify what crime Nieto believed occurred or why he believed a crime occurred.[4] Although appellant frames his argument in terms of both the United States and Texas Constitutions, he does not separately brief his state and federal constitutional claims. An appellant claiming relief under both the federal and state constitutions must "analyze, argue or provide authority to establish that his protection under the Texas Constitution exceeds or differs from that provided to him by the Federal Constitution." *Arnold v. State,* 873 S.W.2d 27, 33 (Tex. Crim. App. 1993). Therefore, we assume appellant claims no greater protection under the state constitution than that provided by the federal constitution. *See Muniz v. State,* 851 S.W.2d 238, 251–52 (Tex. Crim. App. 1993).

In relevant part, Nieto's affidavit, filed in support of his search-warrant request, provided as follows:

---

[4] Once, in the "Summary of the Argument" section of his brief, appellant argues, without citation to legal authority, that Nieto's affidavit was insufficient to show probable cause that the boat would be on appellant's property at the time the search warrant issued. Appellant does not raise this argument in the "Argument" section of his brief. We do not reach the merits of this contention, if any, because appellant has failed to support this argument with citation to supporting legal authority. *See* TEX. R. APP. P. 38.1(i); *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) (explaining an argument that is not supported by citation to legal authority presents nothing for appellate review); *see also Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003) (concluding defendant waived his challenge to search-warrant affidavits by failure to adequately brief the complaint on appeal); *Franks v. State*, 90 S.W.3d 771, 778 (Tex. App.—Fort Worth 2002, no pet.) (finding appellate challenge to search- and arrest-warrant affidavits waived by failure to adequately brief).

It is the belief of Affiant, and Affiant hereby charges and accuses that said suspected party has possession of and is concealing at said suspected place, in violation of the laws of the State of Texas, the following described personal property, to wit: 1987 Shallow Sport TX 1210 CZ HIN# SZX00359C787 [line break] 140 HP Suzuiki [sic] Motor SU# 14001F681062 [line break] McCain [sic] Trailer SU# 4LYBA19154H00 1429.

Affiant has probable cause for the said belief by reason of the following facts, to wit: From witness [sic] written statement, also I was able to observe a boat from Williams Rd. that matched the description of the boat being a blue hull with a Suzuiki [sic] Motor.

Appellant treats this case as one involving a tip from an anonymous informant. Relying on *Aguilar v. Texas*, appellant argues Nieto's affidavit was insufficient because it did not contain specific facts showing the informant had a valid basis for the belief evidence of a crime would be found on appellant's property. *See Aguilar v. State of Texas*, 378 U.S. 108, 114 (1964). Appellant argues "there is not a single fact in the affidavit that establishes the informant's reliability" and that it establishes only that he or she made a written statement. Relying on *Parish v. State* and *Correll v. State*, appellant adds that Nieto's corroboration of the color of the boat and the type of motor as described in the search-warrant affidavit, was insufficient to support a finding of probable cause because corroboration of innocent facts that are obvious to a casual observer does not render a tip reliable. *See Parish v. State*, 939 S.W.2d 201, 204–05 (Tex. App.—Austin 1997, no pet.) (holding anonymous tip that lacked any indicia of reliability such as corroboration of future actions could not provide probable cause for search and arrest warrant); *Correll v. State*, 696 S.W.2d 297, 298 (Tex. App.—Fort Worth 1985, pet. ref'd) (holding corroboration of non-detailed, innocent activity that did not relate to future events did not render anonymous tip reliable).

6

Appellant's reliance on *Aguilar*, *Parish*, *Correll* is misplaced because *Aguilar* has been overruled, and, applying the deferential standard of review, we find that this is not an anonymous-informant case. In *Illinois v. Gates*, the United States Supreme Court abandoned the rigid *Aguilar* test for determining the reliability of an informant's tip to show probable cause for issuing a search warrant. *Gates,* 462 U.S. at 238; *Mayfield v. State,* 800 S.W.2d 932, 934 (Tex. App.—San Antonio 1990, no pet.). Post-*Aguilar*, the veracity and basis of knowledge of persons supplying hearsay information are relevant considerations in the totality-of-the-circumstances analysis. *Trevino v. State*, 875 S.W.2d 373, 376 (Tex. App.—Corpus Christi 1994, no pet.) (citing *Gates,* 462 U.S. at 233). But an affiant can rely on hearsay as long as a substantial basis for crediting the hearsay is presented. *Id.*

The Texas Court of Criminal Appeals does not view information that is freely given to police by citizens who provide their names with the same suspicion reserved for information from anonymous police informants who have an unproven record of reliability. *See West v. State*, 720 S.W.2d 511, 513 n.2 (Tex. Crim. App. 1986). A magistrate may rely on information provided by a private citizen who is a witness to a crime because unlike many police informants, private citizens are much less likely to produce false or untrustworthy information. *Johnson v. State*, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990) (en banc), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991); *Marquez v. State*, 725 S.W.2d 217, 234 (Tex. Crim. App. 1987) (en banc), *overruled on other grounds by Moody v. State*, 827 S.W.2d 875, 892 (Tex. Crim. App 1992); *State v. Wester*, 109 S.W.3d 824, 826–27 (Tex. App.—Dallas 2003, no pet.) (distinguishing statement from named informant under arrest on suspicion of drug

7

offense from statement of average citizen reporting a crime to police); *see also Morris v. State*, 62 S.W.3d 817, 824 (Tex. App.—Waco 2001, no pet.) (holding police officer's affidavit was sufficient to establish probable cause because of inherent reliability and credibility of named-citizen informant whose only contact with police resulted from having witnessed another's criminal act).

In *Marquez*, the Court of Criminal Appeals addressed a criminal defendant's argument that a search-warrant affidavit was insufficient to show probable cause because it did not contain facts to show the reliability or credibility of witnesses who provided the affiant substantive information. *Marquez*, 725 S.W.2d at 233. In *Marquez*, the affidavit mentioned peace officers and Rosa and Daniel Gutierrez, who apparently were ordinary citizens, as sources of the affiant's information. *Id.* The affidavit set forth that the Gutierrezes saw the defendant at a crime scene and the defendant led Rosa Gutierrez to a room with two dead bodies in it, telling her in Spanish, "Now I have avenged myself." The affidavit did not otherwise describe the Gutierrezes' connection with the case, but set forth, "your Affiant believes the above information to be reliable and credible because all of it comes either from peace officers or from individuals with no known criminal record." *Id.* The affidavit did not state the Gutierrezes were ordinary citizens. The court rejected the defendant's credibility argument and, in the context of considering the totality of the circumstances presented, the court stated that while it is true that facts showing reliability should be included when the information contained in the affidavit is given by a confidential informant, as a matter of constitutional law, an ordinary citizen as a witness in a case is presumed to be reliable and no special showings are required. *Id.*

Considering the totality of the circumstances presented in this case and

8

deferring to the magistrate's reasonable inferences, we conclude Nieto's search-warrant affidavit was sufficient to establish a fair probability that a stolen motor boat and trailer were located on appellant's property. The facts contained in Nieto's affidavit provided the magistrate a substantial basis to conclude an ordinary citizen reported the boat, motor, and trailer stolen to law enforcement and that witness provided a written statement, the current location of the boat, and identification numbers for the property—information likely to be known by the property owner or a person with a right to possession of the property. *See id.* Because a written witness statement and detailed identifying information concerning the property were provided to law enforcement, the magistrate could reasonably conclude the witness who reported the property stolen also provided law enforcement his name in an effort to claim the property and regain possession of it. In addition, Nieto documented in his search-warrant affidavit that he saw from the road, a boat with the same color hull and a Suzuki motor on appellant's property.

We overrule appellant's sole issue on appeal.

## IV. CONCLUSION

We affirm the trial court's denial of appellant's motion to suppress.

_____
GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
18th day of August, 2011.

9