The STATE of Texas, Appellant

v.

Charles CAVES, Appellee

No. 04–15–00367–CR

Court of Appeals of Texas, San Antonio.

Delivered and Filed: June 8, 2016

Adam Crawshaw, San Antonio, TX, for Appellant.

Jennifer Rossmeier, Bexar County Assistant District Attorney, San Antonio, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice, Karen Angelini, Justice, Patricia O. Alvarez, Justice

## OPINION

Opinion by: Karen Angelini, Justice

Pursuant to section 550.024 of the Texas Transportation Code,[1] Charles Caves was charged with failure to stop and give notice to an unattended vehicle after striking the vehicle. After the trial court found the complaint deficient and signed an order quashing the information and complaint, the State appealed. We reverse and remand for further proceedings.

### BACKGROUND

Charles Caves was charged by information as follows:

---

1. Section 550.024 of the Texas Transportation Code, entitled "Duty on Striking Unattended Vehicle," provides the following:

a) The operator of a vehicle that collides with and damages an unattended vehicle shall immediately stop and:

1) locate the operator or owner of the unattended vehicle and give that person the name and address of the operator and the owner of the vehicle that struck the unattended vehicle; or

2) leave in a conspicuous place in, or securely attach in a plainly visible way to, the unattended vehicle a written notice giving the name and address of the operator and the owner of the vehicle that struck the unattended vehicle and a statement of the circumstances of the collision.

b) A person commits an offense if the person violates Subsection (a). An offense under this section is:

1) a Class C misdemeanor, if the damage to all vehicles involved is less than $200; or

2) a Class B misdemeanor, if the damage to all vehicles involved is $200 or more.

TEX. TRANSP. CODE ANN. § 550.024 (West 2011).

on or about the 8th Day of April 2014, CHARLES CAVES, hereinafter referred to as defendant, while operating a vehicle that collided with and damaged an unattended vehicle, did intentionally and knowingly fail to immediately stop and locate the operator or owner of the unattended vehicle ... and give the complainant the defendant's name and address and the name of the owner of the vehicle which defendant was operating, and did fail to leave in a conspicuous place in or securely attach in a plainly visible way to the unattended vehicle a written notice giving the defendant's name and the name of the owner of the vehicle which defendant was operating and a statement of the circumstances of the collision, and the damage to all vehicles involved was $200 or more. . . .

The information was supported by a complaint in which the affiant swore that the "affiant has good reason to believe and does believe that in the County of Bexar and the State of Texas, and before the making and filing of this complaint on or about April 8, 2014, CHARLES CAVES committed the offense of FAIL GIVE NOTICE UNATTENDED VEHICLE."

Caves filed a motion to quash the complaint and information, arguing that the complaint was deficient because it cannot be discerned what crime, if any, is charged in the complaint. Caves further argued that because a defective complaint cannot support an information, the trial court should quash the complaint and information. In response, the State argued that the complaint was not defective and, even if it was, the probable cause affidavit was sufficient to meet the statutory requirements of a complaint. After hearing arguments of counsel, the trial court found that the complaint failed to charge Caves with an offense; the court thus granted the

motion to quash. The State then appealed.

## STANDARD OF REVIEW

▇ · We review the trial court's order granting a motion to quash an information and complaint de novo. *Smith v. State*, 309 S.W.3d 10, 14 (Tex.Crim.App.2010).

## DISCUSSION

The resolution of this appeal involves the application of four articles of the Texas Code of Criminal Procedure.

First, article 21.20, entitled "Information," defines an information as "a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted." TEX.CODE CRIM. PROC. ANN. art. 21.20 (West 2009).

Second, article 21.22, entitled "Information based upon complaint," provides the following:

No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

*Id.* art. 21.22.

Third, article 15.04, entitled "Complaint," provides that "[t]he affidavit made before the magistrate or district or county attorney is called a 'complaint' if it charges the commission of an offense." *Id.* art. 15.04 (West 2015).

Fourth, article 15.05, entitled "Requisites of complaint," provides the following:

The complaint shall be sufficient, without regard to form, if it have these substantial requisites:

1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.
2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.
3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.
4. It must be signed by the affiant by writing his name or affixing his mark.

*Id.* art. 15.05.

Thus, an information that charges a defendant with an offense must be accompanied by a sworn complaint that also charges the commission of an offense. Further, the complaint must contain certain information identifying (1) the accused, (2) the time and place the offense was committed, (3) a statement that the affiant believes the accused has committed an offense, and (4) the affiant's signature.

On appeal, the State argues that the complaint in this case was sufficient to support the information. The State points out that only one requisite contained in article 15.05 is at issue: the requirement that the complaint contain a statement that the accused has committed some offense against the laws of the State or that the affiant has good reason to believe and does believe the accused has committed such offense. According to the State, the complaint meets this requirement because it states that the affiant had reason to believe the accused committed the offense of failure to stop and give notice of an unattended vehicle. The State emphasizes that the abbreviation of the offense to "FAIL GIVE NOTICE UNATTENDED VEHICLE" in the complaint does not render it defective.

Caves, on the other hand, argues that the abbreviated offense of "FAIL GIVE NOTICE UNATTENDED VEHICLE" cannot support the information because one cannot discern what crime, if any, is charged in the complaint.

■■■ "A valid complaint is a prerequisite to a valid information in a misdemeanor case." *Holland v. State,* 623 S.W.2d 651, 652 (Tex.Crim.App.1981). It has long been the law, however, that "particularity as a requisite in an information is not necessary in the complaint on which it is founded, nor are discrepancies between them of any consequence, provided there is accordance in substance." *Id.* Further, the complaint used to support an information does not have to measure up to standards for complaints upon which search warrants are issued. *Chapa v. State,* 420 S.W.2d 943, 944 (Tex.Crim.App.1967) (citing *Cisco v. State,* 411 S.W.2d 547 (Tex. Crim.App.1967)). A complaint in support of an information serves only as the basis for a criminal prosecution. *Id.*

■■■ A complaint, however, must be sufficient to apprise the accused of the facts surrounding the offense with which he is charged in order to prepare a defense. *See id.; State. v. Zorrilla,* 404 S.W.3d 734, 735 (Tex.App.–San Antonio 2013, no pet.). An information must be supported by an affidavit made by a credible person charging the defendant with an offense. *Wells v. State,* 516 S.W.2d 663, 664 (Tex.Crim.App.1974). A supporting affidavit is required before institution of a prosecution by information to prevent one person from being both the accuser and the prosecutor in misdemeanor cases. *Id.*

In *Pitts v. State*, 149 Tex.Crim. 608, 609, 197 S.W.2d 1012, 1012 (1946), the Court of Criminal Appeals was presented with an issue similar to one herein—whether the allegation in the complaint charged an offense. The defendant was charged with and convicted of aggravated assault. *Id.* The complaint, however, alleged only that the defendant "did, with premeditated design, and by the use of means calculated to inflict great bodily injury, to-wit, hands & feet, and did then and there by the use of said means and with premeditated design, injure the [victim]." *Id.* The court recognized that when an injury is inflicted by violence, the intent to injure may be presumed; however, the court emphasized that the act must be unlawful. *Id.* The court found the complaint to be insufficient because it did not allege the acts were unlawful or that the defendant committed an assault or battery upon the victim. *Id.* at 1013. Thus, the complaint failed to charge the offense of aggravated assault. *Id.*

Likewise, in *Williams v. State*, 133 Tex. Crim. 39, 40, 107 S.W.2d 996, 997 (1937), the defendant claimed the complaint was inadequate because it alleged no offense and failed to support the information. In that case, the defendant was charged by complaint and information with violating certain statutes regulating the sale of motor fuel. *Id.* Because the complaint failed to allege that the defendant acted knowingly, the court found the complaint insufficient to support the information. *Id.*

The State relies on a number of cases to support its argument. First, the State cites to *Kindley v. State*, 879 S.W.2d 261 (Tex.App.–Houston [14th Dist.] 1994, no pet.). In that case, the defendant was charged with displaying an expired license plate, and the complaint alleged that the defendant "did then and there unlawfully while operating a motor vehicle without having attached thereto and displayed on the rear thereof, a license number plate, which has been validated by the attachment of a symbol for the current registration period, contrary to law and against the peace and dignity of the State." *Id.* at 263. The defendant argued the complaint was defective because if failed to notify him of the charges against him. *Id.* The Fourteenth ·Court of Appeals held that "the complaint is clear, concise, and would notify anyone of reasonable intelligence of the nature of the charge." *Id.*

Second, the State relies on *Cisco v. State*, 411 S.W.2d 547 (Tex.Crim.App. ·1967). In that case, the defendant was charged with driving while intoxicated. *Id.* at 548. The complaint alleged that the defendant "did then and there unlawfully, while intoxicated, drive and operate a motor vehicle upon a public highway." *Id.* The defendant argued that the complaint was insufficient. *Id.* On appeal, in a conclusory fashion, the court of criminal appeals held that the complaint contained the requisites prescribed by article 15.05 of the Texas Code of Criminal Procedure and was "valid." *Id.*

*Kindley* and *Cisco*, however, are distinguishable from the facts presented in this appeal. As compared to the complaint in the case before us, the complaints in *Kindley* and *Cisco* were much more specific with their allegations regarding the commission of an offense.

Lastly, the State cites *State v. Zorrilla*, 404 S.W.3d 734, 736 (Tex.App.–San Antonio 2013, no pet.), in which this court found the complaint sufficient to support an information charging defendant with criminal trespass. The only disputed issue .in *Zorrilla* was whether the complaint alleged the place of. the commission of the offense in definite enough terms. *Id.* There was no issue concerning whether the complaint alleged an offense. Thus,

*Zorrilla* gives no guidance on what allegations are required to be in the complaint as to whether an offense is alleged.

In the case before us, the complaint merely alleged "FAIL GIVE NOTICE UNATTENDED VEHICLE." There are no allegations of any facts from which Caves could understand what criminal offense he was being charged with, nor are there allegations of any unlawful acts. The section of the Transportation Code with which Caves was charged describes the duty placed upon a vehicle operator who collides with and damages an unattended vehicle. *See* TEX. TRANSP. CODE ANN. § 550.024 (West 2011). That duty is to stop and give notice to the operator or owner of the unattended vehicle the name and address of the person that struck the unattended vehicle. *Id.* Depending on the amount of damage involved, the person who violates this section commits either a Class B or Class C misdemeanor. *Id.* Because the complaint in this case wholly fails to allege an offense, it is inadequate to support the information.

The State argues in the alternative that, even if the complaint is insufficient, the probable cause affidavit filed with the information meets the requisites of article 15.05 of the Texas Code of Criminal Procedure and properly supports the information. In fact, the probable cause affidavit does contain detailed allegations regarding the offense of failure to give notice after striking an unattended vehicle pursuant to section 550.024 of the Texas Transportation Code. Caves does not take issue with the sufficiency of the allegations contained in the probable cause affidavit. Instead, he argues that even if the allegations in the probable cause affidavit are sufficient, a probable cause affidavit can never satisfy the requirements of an insufficient complaint.

In support of its argument that the probable cause affidavit cures the complaint's deficiency, the State relies on *Green v. State*, 736 S.W.2d 218 (Tex.App.–Corpus Christi 1987, no pet.), and *Ex parte Solis*, No. 04–03–00410–CR, 2004 WL 199282 (Tex.App.–San Antonio 2004, pet. ref'd).

In *Green*, 736 S.W.2d at 220, a document entitled "Complaint and Arrest Warrant" was filed with the information. The defendant argued the trial court lacked jurisdiction because "no complaint exist[ed] to support the information." The defendant urged that even though the document was named "Complaint and Arrest Warrant," one document cannot be both. According to the defendant, the " 'complaint' required is contemplated by the law to be a different instrument from the affidavit supporting the warrant because the requirements of a complaint differ from the requirements of an affidavit in support of a warrant." *Id.* The Thirteenth Court of Appeals noted that the defendant had "correctly point[ed] out that the information must be supported by a valid complaint." *Id.* It nonetheless held that "if the affidavit meets the statutory requirements of a complaint," "the law has been fulfilled." *Id.* Because the record showed that the affidavit met the requirements of a complaint, the court held the affidavit was sufficient. *Id.* at 220.

Similarly, in *Ex parte Solis*, 2004 WL 199282, at *2, the appellant argued that the complaint was insufficient to support the information. Like in *Green*, the appellant argued that the complaint and affidavit must be separate documents. *Id.* This court disagreed and cited *Green* for support. According to this court, as long as the "Affidavit for Warrant of Arrest" complied with the requirements of the Texas Code of Criminal Procedure for a complaint in support of an information, the

affidavit was sufficient to serve as a valid complaint. *Id.*

In response, Caves argues that these cases are distinguishable from the facts herein. Caves points out that in those cases, the probable cause affidavit used to secure a warrant was held to satisfy article 15.05 only because there was no separate complaint filed. According to Caves, because the separate complaint that was filed in this case is deficient, then the probable cause affidavit used to secure a warrant cannot be used to support the information. Caves does not, however, offer any authority or reasoning for his argument that such a distinction is required.

Caves contends that the case of *Gholson v. State*, 667 S.W.2d 168 (Tex.App.–Houston [14th Dist.] 1983, pet. ref'd), should control in this case. Caves relies on the following statement in *Gholson* to support his contention: "Therefore, it is the complaint alone, and not any other affidavits given in support of arrest or search warrants, which determines the validity of the information." *Id.* at 177. While this statement in isolation does seem to support Caves's contention, a careful reading of the court's opinion as a whole leads to a different conclusion.

In *Gholson*, the defendant moved to quash the information because the underlying affidavit of the police officer was conclusory and omitted facts from which a magistrate could make an independent determination of probable cause before issuing an arrest warrant. *Id.* at 176–77. It appears the defendant was attacking the probable cause affidavit under the mistaken impression that a defective probable cause affidavit would affect the validity of the information. The Fourteenth Court of Appeals noted that the "standard for judging the sufficiency of a complaint underlying an information is different from, and less stringent than, that which applies to

affidavits forming the basis of arrest or search warrants." *Id.* Explaining that article 15.05 of the Texas Code of Criminal Procedure "lists the requisites of a sufficient complaint," the court held that "the document in the case at bar complies with all of them." *Id.* It is unclear whether the Fourteenth Court of Appeals, in this statement, was referring to the probable cause affidavit or another affidavit. But, it does not appear the Fourteenth Court of Appeals was holding a probable cause affidavit that meets the requisites of article 15.05 cannot be used to support an information.

We hold the probable cause affidavit in this case sufficient to meet the requisites of article 15.05 and therefore find it sufficient to support the information. Accordingly, we reverse the trial court's order quashing the information and complaint, and remand for further proceedings consistent with this opinion.