Franklin Carlton REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0545–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 1982.

Rehearing Denied April 8, 1982.

Allen Isbell, Houston, for appellant.

Winston E. Cochran, Houston, for appellee.

Before EVANS, C. J., and STILLEY and DOYLE, JJ.

DOYLE, Justice.

The appellant was charged by indictment with two counts of aggravated robbery. After his plea of not guilty, the State abandoned count two of the indictment. A jury found the appellant guilty and the court assessed his punishment at 25 years.

Appellant, in his first two grounds of error, contends that the court erred in denying his motion to suppress all of the evidence because the arrest warrant was not signed by a magistrate and the complaint failed to allege the place in which the alleged offense occurred as required by arts. 15.02 and 15.05, V.A.C.C.P., respectively.

■ By the following stipulation, all requirements of art. 15.02 are either met or waived:

Mr. Guerro: My proposed stipulation is the basis of the arrest of Franklin Carlton Reyes. In 312,999 there is an arrest warrant which was signed by an Assistant District Attorney, Charles A. Rosenthal.

Your Honor, we would at this time propose the following stipulation: That the arrest of Franklin Carlton Reyes was brought about by an arrest warrant signed by a magistrate on some day in April in 1980.

■ We have examined the allegations of the complaint herein in light of the requirements set out in art. 15.05. The complaint plainly alleges that the affiant has good reason to believe that in Harris County, Texas, Carlton Reyes Franklin (aka Franklin Carlton Reyes) did on or about November 30, 1979, then and there commit the two

counts of the offense of aggravated robbery, "against the peace and dignity of the State". These two grounds of error are overruled.

■ Grounds of error three and four contend that the trial court erred in denying appellant's motion to suppress the in-court identification by the robbery victims, because that identification was a direct result of line-up identification conducted while appellant was illegally in custody.

We hold that appellant's arrest was legal. Even were we to rule otherwise, no illegality in the arresting process would require suppression of the identifications made by the robbery victims. In *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980), the Supreme Court had the occasion to discuss this precise contention. There, as in the case before us, the robbery victims picked Crews' picture from the array presented, picked him out of a line-up, and identified him positively at his trial. In holding that such identifications are valid despite an illegal arrest, the *Crews* court wrote:

"Based upon her observations at the time of the robbery, the victim constructed a mental image of her assailant. At trial, she retrieved this mnemonic representation, compared it to the figure of the defendant, and positively identified him as the robber. No part of this process was affected by respondent's arrest."

The record shows that the victims' identifications were made by means which had no connection with the arrest. Hence, there was no primary taint, and the identification is not subject to suppression. *Wyatt v. State*, 566 S.W.2d 597 (Tex.Cr.App.1978); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 694 (1963). Grounds of error three and four are overruled.

■ In his final ground of error appellant contends his conviction should be reversed because of the prejudicial, unresponsive answer of Detective Vernon Gallier which, he alleges, interjected before the jury evidence of an extraneous murder offense.

On direct examination of the State's witnesses, Detective Gallier, an experienced lawman, testified as follows:

Q. State your name to the jury.

A. Vernon Gallier.

Q. How are you employed?

A. Homicide detective with the Houston Police Department.

Q. How long have you been a homicide detective?

A. I have been there eight years.

Q. What are your duties in homicide?

A. My only duties are investigating murders.

Q. When was—when did you get involved in this case, the case of an armed robbery on November 30, 1979?

A. Okay, sir, I got involved in the last part of March when I was investigating another murder, and I had not—

Counsel for appellant promptly objected and moved for a mistrial. The trial judge sustained the objection, ordered the answer stricken, instructed the jury to disregard any reference to homicide, and denied appellant's request for a mistrial. The witness did not state or infer that appellant was suspected of any murders. Additionally, the witness had previously stated that his only duties were investigating murders, so, his answer could be considered invited and therefore responsive. The court's prompt instruction to the jury to disregard was sufficient to remove any harm, error, or innuendo arising from the witness' statement. *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr.App.1979); *Allen v. State*, 513 S.W.2d 556 (Tex.Cr.App.1974). The appellant's fifth ground of error is overruled.

The judgment of the trial court is affirmed.