Jose M. VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–86–00196–CR.

Court of Appeals of Texas, El Paso.

March 25, 1987.

Mike Barclay, Alpine, for appellant.

John B. Hemphill, Asst. Dist. Atty., Marfa, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

Benjamin F. SHIPLEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00088–CR.

Court of Appeals of Texas,
San Antonio.

March 31, 1987.

## OPINION

WOODARD, Justice.

Appellant appeals from a conviction of criminal trespass. We reverse the conviction.

The complaint underlying the information sets out the following:

> [O]n (or about) the 27 (sic) day of September, A.D. 1985, and before the making and filing of this complaint, in Justice of Peace Precinct No. 3 of Jeff Davis County, State of Texas, did then and there unlawfully and wilfully commit criminal trespass Sec. 30.05 class B against the peace and dignity of the State.

Motions to quash were filed on the grounds of vagueness, indefiniteness and uncertainty. Article 30.05, Tex.Penal Code Ann., provides several ways the offense may be committed. The constituent elements of the offense must appear in both the complaint and the information. *Toliver v. State*, 158 Tex.Cr.R. 224, 254 S.W.2d 388 (1953). Further, Tex.Code Crim.Pro.Ann. art. 15.05, sec. 3 (Vernon 1977), requires the designation of the place of the offense.

A valid complaint is a prerequisite to a valid information. *Holland v. State*, 623 S.W.2d 651 (Tex.Crim.App.1981).

The judgment of the trial court is reversed and the case remanded to the trial court with instructions to dismiss.