

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00360-CR

The **STATE** of Texas,
Appellant

v.

Boris **ZORRILLA**,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 304380
Honorable Walden Shelton, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  May 22, 2013

REVERSED AND REMANDED

The State of Texas appeals the trial court's granting of appellee's motion to quash the complaint.  Because we conclude the complaint was sufficient, we reverse and remand.

## ANALYSIS

The complaint states as follows:

Before me the undersigned authority on this day personally appeared affiant, who after being duly sworn by me on oath deposes and says that affiant has good reason to believe and does believe that in the County of Bexar and the State of Texas, and before the making and filing of this complaint, on this 1 [sic] day of October, 2009, Zorrilla, Boris committed the offense of Criminal Trespass – Habitation against the peace and dignity of the State.

An information based on the complaint was also filed. The information alleged that "in said County of Bexar and State of Texas, and before the making and filing of this information, on or about the 1st Day of October, 2009, BORIS ZORRILLA, hereinafter called defendant, did intentionally and knowingly REMAIN in a HABITATION of another, namely: Lori Green, without effective consent of Lori Green, and the said defendant having RECEIVED NOTICE TO DEPART BUT FAILED TO DO SO . . . ."

Appellee filed a motion to quash both the information and the complaint alleging, among other things, that both documents failed to comply with the statutory and judicially-created requirements for a valid information and complaint because the documents did not state the time and place of the commission of the offense as definitely as could be done by the affiant. After a hearing, the trial court granted the motion to quash.

A valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Villarreal v. State*, 729 S.W.2d 348, 349 (Tex. App.—El Paso 1987, no pet.). The purpose of a complaint is to apprise the accused of the facts surrounding the offense with which he is charged so that he may prepare a defense. *Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966); *Kindley v. State*, 879 S.W.2d 261, 262 (Tex. App.—Houston [14th Dist.] 1994, no pet.). The particularity in pleading that is required for an indictment or an information[1] is not required for a complaint, and a complaint will not be dismissed due to a mere informality. *Vallejo*, 408 S.W.2d at 114. A complaint "shall be sufficient, without regard to form," if it has these four "substantial requisites":

---

[1] Similarly, the purpose of an information is to notify the accused of the charged offense and its elements so that he may properly prepare his defense. *State v. Laird*, 208 S.W.3d 667, 670 (Tex. App.—Fort Worth 2006, no pet.). The Texas Code of Criminal Procedure sets forth nine requisites for a valid information, including "that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed; . . . [t]hat the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation; . . . [and] [t]hat the offense be set forth in plain and intelligible words . . . ." TEX. CODE CRIM. PROC. ANN. art. 21.21(5)-(7).

    1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.
    2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.
    3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.
    4. It must be signed by the affiant by writing his name or affixing his mark.

TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005).

Here, the only disputed requisite at trial and on appeal is the third, which requires the complaint to state the "place of the commission of the offense, as definitely as can be done by the affiant." *Id.* On appeal, the State asserts the complaint satisfied this requisite because "the complaint states that the affiant believed that the offense was committed on the 1st day of October, 2009 in Bexar County." Appellee counters that this argument would re-write article 15.05 to require the venue, as opposed to the place, of the offense.

The sufficiency of a complaint is a question of law. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. 2004) (considering sufficiency of indictment). The narrow issue before us is whether merely stating "County of Bexar" is sufficient or did the State need to allege a more specific location of the habitation appellee is accused of trespassing upon. Because the resolution of this question of law does not turn on an evaluation of the credibility and demeanor of a witness, the trial court in this case was not in a better position to make the determination; therefore, we conduct a de novo review of the issue. *Id.* With one exception[2] we have found no case that

---

[2] The only case that contains similar facts is *Villarreal*, in which the following complaint charging the defendant with criminal trespass was held not sufficient: "[O]n (or about) the 27 (sic) day of September, A.D. 1985, and before the making and filing of this complaint, in Justice of Peace Precinct No. 3 of Jeff Davis County, State of Texas, [the accused] did then and there unlawfully and willfully commit criminal trespass Sec. 30.05 class B against the peace and dignity of the State." 729 S.W.2d at 349. The *Villarreal* court, with no further analysis, held article 15.05, section 3 "requires the designation of the place of the offense," reversed the conviction, and remanded with instructions to dismiss. *Id.* However, in that case, the complaint was filed in a justice of the peace court and section 15.05 does not apply to the sufficiency of complaints in justice or municipal courts. *See* TEX. CODE CRIM. PROC. art. 45.019 ("Requisites of Complaint" in justice and municipal courts).

specifically answers this issue. However, in other cases, although the issue was not whether "place" was adequately described, courts have concluded the complaints that alleged only the county of the alleged offense to be sufficient.

For example, in *Reyes v. State*, the complaint charging defendant with aggravated robbery was sufficient because it alleged "the affiant has good reason to believe that in Harris County, Texas, Carlton Reyes Franklin (aka Franklin Carlton Reyes) did on or about November 30, 1979, then and there commit the two counts of the offense of aggravated robbery . . . ." 630 S.W.2d 822, 822-23 (Tex. App.—Houston [1st Dist.] 1982, no pet.). Likewise, in *Vallejo*, the complaint stated, in pertinent part, as follows:

> . . .   ONE HERMAN R VALLEJO JR [] ON OR ABOUT THE 31 DAY OF MAR—, 1965, AND BEFORE THE MAKING AND FILING OF THIS COMPLAINT, WITHIN THE INCORPORATED LIMITS OF THE CITY OF AUSTIN, IN TRAVIS COUNTY, TEXAS, [] did drive and operate a motor vehicle upon a public street therein situated at a speed which was greater than was then reasonable and prudent under the circumstances then existing, to-wit, at a speed of 45 miles per hour, at which time and place the lawful maximum prima facie reasonable and prudent speed indicated by an official sign then and there posted was 30 miles per hour . . . .

408 S.W.2d at 114. The Court of Criminal Appeals held the complaint sufficient because the appellant "from reading the complaint, could ascertain with reasonable certainty with what he was being charged so as to properly prepare a defense." *Id.*; *see also Cisco v. State*, 411 S.W.2d 547, 548 (Tex. Crim. App. 1967) (driving while intoxicated "upon a public highway in said Harris County"); *Nam Hoai Le v. State*, 963 S.W.2d 838, 844 (Tex. App.—Corpus Christi 1998, pet. ref'd) (speeding "upon a public highway outside an urban district upon a federal highway" "in the County of Jackson"); *Kindley*, 879 S.W.2d at 263 (displaying an expired license plate "in the County of Harris").

Based on these cases, we are constrained to conclude the complaint in this case, which only alleged Bexar County as the place of the offense, satisfied the requisites of article 15.05 sufficiently to apprise appellee of the offense with which he was charged so that he could prepare a defense. Therefore, the trial court erred in granting appellee's motion to quash.

## CONCLUSION

We sustain the State's issue on appeal and reverse the trial court's order. We remand the cause for further proceedings.

Sandee Bryan Marion, Justice

Publish