81,630-02

IN THE TEXAS COURT OF CRIMINAL APPEALS

EX PARTE HENDERSON

MOTION DENIED
DATE: 1-26-17
BY:

PD WO9-58128 (B)

APPLICANT'S MOTION FOR COURT TO REMAND CAUSE BACK TO THE TRIAL COURT THERE ARE UNRESOLVED ISSUES TO THE LEGALARITY OF THE APPLICANT'S CONFINEMENT

TO THE STATE RESPECTED COURT THIS IS A 11.07 §4(a)

WRIT

COMES NOW APPLICANT HENDERSON TO MOVE THE COURT TO LIBERALLY CONSTRUE HIS PRO SE PLEADINGS. HAINES 404 U.S. 519,520 (1972)

THE SUPREME COURT HAS HELD AS THIS COURT THAT A VOID JUDGMENT (SUBJECT MATTER JURISDICTION) MAY BE RAISED AT ANY TIME. SEE, UNITED STUDENT AID FUNDS INC V. ESPINOSA, 130 S.CT. 1367,1377 (2010) NIX V. STATE, 194 SW3d 178 (TX. CRIM. APP. 2006). SEE GIBSON V. STATE, 921 SW2d 747 W 53 (TEX. APP. EL PASO). ART. 11.07 IS USED FOR A PERSON NOT JUST ACCUSED OF A CRIME OR CONVICTED OF A CRIME, IS RESTRAINED OF HIS LIBERTY. SEE EXPARTE RECH, 194 S.W. SUPRA. APPLICANT MAY RAISE VOID JUDGMENT OR ILLEGAL SENTENCE FOR 1ST TIME IS ART. 11.07 AND FAILURE TO RAISE SUCH CLAIM ON DIRECT APPEAL IS NOT WAIVED. SEE ALSO EXPARTE PATTERSON, 969 SW2d 16 AT 19 (TEX. CRIM. APP. 1998). THIS COURT HELD THAT (IF) AN ARRESTING OR CHARGING INSTRUMENT (SEE APPLICANTS EXHIBIT #2. FELONY WITH HIS ART. 11.07) FAILS TO SATISFY CONSTITUTIONAL REQUESTS IN IT IS VOID AND INCAPABLE OF INVOKING (RESTRICT COURT NO. S) THE COURT(S) JURISDICTION. RENDERS A

RECEIVED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

"JUDGMENT VOID A COMPLETE NULLITY AND DEF-EMPTS APPLICANT FROM THE RULES (ART 11.074 a) PROCEDURAL DEFAULT, THUS A DEFENDANT'S FAIL-URE TO OBJECT AS REQUIRED DOES NOT WAIVE THE DEFECT BECAUSE STATE JUDGMENT'S VOIDNESS ~~(~~ IS COGNIZIBLE AT ANY TIME

THREE UNRESOLVED ISSUES TO THE APPLICANT'S

SEE, EXHIBIT B-NBRA THE DOCUMENT PURPORTING TO BE THE CHARGING AND ARRESTING INSTRUMENT USED TO SEIZURE AND DETAIN HIM, CLEARLY LEAVES NO DOUBT THAT THE DOCUMENT FILED IN DALLAS COUNTY MUNICIPAL COURT FAILED TO MEET CONSTITUTIONAL REQUISITES, WHICH VOIDS TRIAL COURT NO. F04-58 1278-U CONVICTION AND SENTENCE AS, THIS COURT HELD IN REX V STATE 65 SW 3d 604, 608 (TEX. CRIM. APP. 2001) THE SUPREME COURT IN A DIN-

SEE, APPLICANT'S 12-2 B 2014 MOTION ADDRESSING THE STATES REBUTTAL ATTACHED ADDRESSING THE MISAPPLICATIONS OF (ART 11.074) FOR THE TRIAL COURT TO DENY WRIT. EXHIBIT A-148.

SEE, APPLICANT'S EXPLAINED WITH ART 11.07 COURT CORRECT THAT COURT WAS POSSESSED WITH JURISDICTION ONCE THIS WRIT WAS FILED AND PRESENTED TO THE COURT WITH ART 11.07 EXHIBITS ARGUMENT(S) RE WRIT ( a a a) PREPONDERANCE OF THE EVIDENCE THE COURT ONLY HAD A ROUTINE TO DISMISS THIS CRIMINAL CAUSE, SURREAL STATE OT IN NEW USA'S FOUR 11-1-14 AND 200 STATE V ZORRELLA 404 SW 3d 734 IIB TENN 2 CITY ARK (D. SAN ANTONIO 2013), CITING T. CTR. ART 45.018(a) (45.019 CONSTITUTIONAL REQUISITE SO THAT LOCAL IN DALLAS TRIAL COURT FAILED TO TAKE MANDATED JUDICIAL NOTICE UNDER T.R.E. 201 AS IT IS MANDA-

12

AN INCORPORATED THE DOCUMENTS EXHIBITS FILED IN APPLICANT'S MOTION FOR RESENTENCE DUE TO VOID AND ILLEGAL SENTENCE, SEE, ART. 11.07 COURT ORDER (APPLICANT'S EXHIBIT a).

2 = SEE THE COURTS 12-23-2014, ERRONEOUS ORDER STATING THAT "APPLICANT'S ART. 11.072 No. (09-518) Sec. 4 (B) IS WHOLLY WITHOUT MERIT" (SEE aa EXH. SUBSEQ. SEE, T.C.C.P. ART. 45.018(a), 45.101(a) (2)(A)(3)(A)(4) SEE STATE V. ZORRILLA EXH. 12, FILED NOV. 12, 14 (ERRONEOUSLY CITE NO. 474 (C) THE TRIAL COURT'S ORDER FINDING NO CONTROVERTED, PREVIOUSLY UNRESOLVED FACTUAL ISSUES REQUIRING HEARING, AS REBUTTED BY CLEAR AND CONVINCING EVIDENCE, SEE,

(1) EXHIBIT (B) ARREST AND CHARGING INSTRUMENT FILED IN DALLAS MUNICIPAL COURT, SEE, C.C.P. ART. 1.23, SEE, ART. 45.019(a)(2)(7), (7)(C).

(2) SEE, C.C.P. ART. 1.23, SEE, ART. 45.019(a)(2)(7), (7)(C).

(3) SEE, VALLEJO v. STATE, 408 SW2d 113 (TEX. CRIM. APP. 1966) CITING ART. 1.23.

(4) SEE, NOAH MONTE v. STATE, 963 SW3d 838 (TEX. APP. CORPUS CHRISTI 1998) ON POINT WITH APPLICANT'S 11.07 AT ISSUE.

(5) SEE, STATE v. ZORRILLA, 404 SW3d 734, 737 FN 2 (TEX. APP. SAN ANTONIO 2013, CITING, 45.018, 45.019.

SEE, EVANS, 338 SW3d 545, 546 (TEX. CRIM. APP. 2011) THE TRIAL JUDGE IN THE APPLICANT'S CASE FAILED IN HIS DUTY UNDER Id. 546

3.

... TO COLLECT THE EVIDENCE, ORGANIZE THE MATERIALS EVIDENCE ... HE FAILED TO APPLY ... TO THE FIVE UNRESOLVED ... ISSUES PRESENTED ... WRIT.

THE COURT OF CRIMINAL APPEALS ONLY OPTION IN THIS CASE IS TO REMAND TO TRIAL COURT WITH PROPER ORDERS OR INSTRUCT UPON ... TO RESOLVE THIS WRIT.

RESPECTFULLY SUBMITTED

PRAYER: COURT REMANDS TO THE (1) TRIAL COURT IN THE INTEREST OF JUSTICE.

(1),(1),(C).

(3) SEE ... V STATE 408 SW2d 113 (TEX CRIM APP 1966) ORIGINAL WRIT 11.07 ISSUE

(4) SEE ... V STATE 603 SW3d 838 (TEX APP CORPUS CHRISTI 1998) ON POINT WITH APP ...

(5) SEE STATE V ZARRILLA, 494 SW2d 134, 137 IN A CITY APP SAN ANTONIO 2013 ... 45.114 ...

SEE EVANS 1338 SW3d 345, 340 (TEX CRIM APP ...) THE TRIAL JUDGE IN THE ... ENTERED IN MISTAKENLY MURDER 2d 340 ...

IN THE CRIMINAL DISTRICT COURT NO. 5 FOR DALLAS COUNTY TEXAS, DALLAS.

your copy

WRIT # W09-58128-C (B)

A1

EXPARTE, ARTHUR EUGENN HENDERSON

APPLICANT'S REBUTTAL TO THE STATES, FRIVOLOUS REPLY TO APPLICANT'S ART. 11.07, AND APPLICANT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW WHICH THE TRIAL COURT MUST ADOPT OVER THE STATES, RESPONSE TO 11.07

COMES NOW, PROSE, APPLICANT, HENDERSON TO MOVE THE COURT LAW CLERKS AND COURT TO LIBERALLY CONSTRUE HIS PROSE, PLEADINGS AS MANDATED, HAINES v. KERNER, 404 U.S. 519, 520 (1972)

CONTROVERTED ISSUES PREVIOUSLY UNRESOLVED FACTS WHICH ARE MATERIAL TO THE LEGALITY OF THE APPLICANT'S CONFINEMENT

SEE, GIBSON v. STATE, 921 SW2d 747, 753 (TEX APPEL PASO 1996), ARTICLE 11.07 DESCRIBES THE WRIT (11.07) AS THE REMEDY TO BE USED WHEN ANY PERSON, NOT JUST A PERSON ACCUSED OR CONVICTED OF A CRIME IS RESTRAINED IN HIS LIBERTY.

THE APPLICANT IS CONFINED AND RESTRAINED IN VIOLATION OF CLEARLY ESTABLISHED LAW. SEE, ART. 11.07.

SEE, EXPARTE, RICH, 194 SW3d 508, 510 (TEX. CRIM APP. 2006), APPLICANT MAY RAISE ILLEGAL SENTENCE FOR THE FIRST TIME ON ART. 11.07, AND FAILURE TO EVEN RAISE SUCH CLAIM ON DIRECT APPEAL IS NOT WAIVED.

THE STATE HAS MISREPRESENTED TO THE COURT THAT

1. mailed out 12-26-14 A1

THE APPLICANT WRIT IS CONSIDERED A SUB-SEQUENT 11.07 UNDER ART. 11.07 § 4 IS INCORRECT.

SEE, EXPARTE NIX, 65 SW3d 664, 668 FN. 9 (TEX. CRIM. APP. 2001), CITING, EXPARTE PETTERSON, 969 SW2d 16, 19 (TEX. CRIM. APP. 1998), HELD IT IS ONLY WHERE AN (COMPLAINT, 45.018(a), 45.019) INSTRUMENT FAILS TO SATISFY THAT (Id) REQUIREMENT THAT IT IS VOID AND INCAPABLE OF INVOLKING (DIST. CT. NO. 5) THE COURT(S) JURISDICTION RENDERS THE JUDGMENT VOID A COMPLETE NULLITY AND EXEMPTS THE DEFENDANT (HENDERSON) FROM THE RULES OF (11.07 § 4) PROCEDURAL DEFAULT. THUS A DEFENDANTS FAILURE TO OBJECT AS REQUIRED DOES NOT WAIVE THE DEFECT BECAUSE THE JUDGMENT'S VOIDNESS IS CONGNIZABLE AT ANY TIME, PETTERSON, Id AT 19 FN.9.

THE TRIAL COURT HAS A CONSTITUTIONAL DUTY TO ENTERTAIN THIS CONGNIBAL ISSUE BROUGHT BEFORE IT.

THE STATE HAS WAIVED CHALLENGING THIS SOLE ISSUE AND MUST BE DEEMED ADMITTED UN-LESS THE TRIAL COURT ORDER OR DIRECT THE STATE TO REPLY TO THIS ISSUE WHICH IS MA-TERIAL TO THE LEGALALITY OF (HENDERSON'S) APP-LICANT'S CONFINEMENT.

A VOID JUDGMENT CAN BE ATTACKED AT ANY TIME. SEE, PEARSON v. STATE #14-13-00277 CR (TEX.

2

APP. HOUSTON [4 DIST. 2014), CITING LEVY V. STATE, 818 SW.2d 801 (TEX. CRIM. APP. 1991), LAPORTE V. STATE, 840 SW.2d 412, 415 (TEX. CRIM. APP. 1992).

THE TRIAL COURT MUST TAKE T.R.E. RULE 201 JUDICIAL NOTICE, AT MY REQUEST ON DOCUMENTS FILED WITH MOTION FOR RESENTENCE, ERRONEOUSLY FILED, AND THE LEGAL AUTHORITY OF STATE V. ZORRILLA, 401 SW.3d 734, 737 FN2 (TEX. APP. SANANTONIO 2013) CITING CASES.

THE TRIAL COURT MUST ORDER APPLICANT REMANDED BACK TO DALLAS COUNTY SHERIFF'S CUSTODY AND ORDER DISMISSAL OF CAUSE AND PETITIONER DISCHARGED WITHOUT ONGOING DELAY. SEE ALSO, EVANS V. CHAIN, 577 F.3d 620 (5TH CIR. 2009) (A.)bSENCE OF JURISDICTION ( Id. ZORRILLA 737 N2 ) ON THE TRIAL COURT IS A BASIS FOR (§2254) FEDERAL HABEAS CORPUS, RELIEF UNDER THE DUE PROCESS CLAUSE.

THE STATE' FRIVOLOUS RESPONSE IS NOT ON POINT DUE TO THE STATE TURNING A BLIND EYE TO MY SOLE ISSUE THAT IS MERITED AND IS SUPPORTED BY THE RECORD, ARGUMENT AND AUTHORITY KENDAY V. STATE 819, SW.2d 261, 264 (TEX. APP. HOUSTON 14TH DIST. 1994).

EXPARTE PETERSON, 19, CITED IN NDX., SUPRA GOVERNS THE APPLICANT CAUSE AND HE IS NOT BARRED UP-UNDER ART. 11.04, Id. 19.

THE STATE HAS A DUTY TO CONFESS ERROR, SEE

3

SAUDANAPO v. STATE, 70 v. SW. 3d 873, 884(39) (TEX. CRIM. APP. 2000), BANKS 124 S.CT. 1256 (2004).

APPLICANT STATES THAT THE T.C.C.P. ART. 11.07 § 4 DOES NOT APPLY TO ART. 11.07 NO. CN09-58-128-L(3) AS A SUBSEQUENT WRIT (EXPARTE PATTERSON, 19, SUPRA) AS FOLLOWS PROCEDURAL RULES AND DEFECTS IN THE TRIAL COURT CAN NEVER BE LOST.

THE CONTESTED ARREST AFFIDAVIT USED TO CHARGE AND ARREST HIM WAS NOT AVAILABLE AT THE TIME UNTIL MOTHER SENT HIM HIS FILE THAT ENCLUDED THIS AFFIDAVIT.

BUT FOR THE CONSTITUTIONAL VIOLATION UNLAWFUL AND ILLEGAL ARREST ON THIS DOCUMENT NO RATIONAL JUROR COULD HAVE FOUND HIM GUILTY DUE TO THE TRIAL COURT AND STATE LACKING SUBJECT MATTER-JURISDICTION OVER HIS PERSON, SEE, NIX, 668, SUPRA.

THIS APPLICATION ALLEGES FACTS THAT ESTABLISHED NEW FACTS, THAT THE ARREST AFFIDAVIT IS INVALIDATED (SEE, NIX, 668.) SEE, EXPARTE, SLEDGE, 391 SW. 3d 104, 106 (TEX. CRIM. APP. 2013.)

FURTHERMORE, APPLICANT CONTENDS THAT PURSUANT TO THE VOID JUDGEMENT EXCEPTION. AND THE HABEAS CORPUS EXCEPTION.

THE VOID JUDGEMENT EXCEPTION, RECOGNIZES THAT THERE ARE SOME RARE SITUATIONS IN WHICH A TRIAL COURTS JUDGEMENT IS ACCORDED NO RESPECT DUE TO A COMPLETE LACK OF POWER TO RENDER THE (CN09-58128-L) JUDGEMENT IN QUESTION. A VOID JUDGEMENT IS A NULLITY AND CAN BE

ATTACKED AT ANY TIME, EX PAR-
TE PETERSON, 19, SUPRA

IN CIVIL CASES, A JUDGEMENT IS VOID ONLY
WHEN THERE WAS NO JURISDICTION OF
(HENDERSON) THE PARTIES OR PROPERTY, NO JUR-
ISDICTION OF THE SUBJECT MATTER, NO
JURISDICTION TO ENTER JUDGEMENT
(PARTICULAR JUDGEMENT), OR NO CAPACITY TO ACT
AS A COURT, BROWNING V. PLACKE, 698 SW2d
362, 363 (TEX. S.CT. 1985), NIX (668 SUPRA.
THIS RULE IS ESSENTIALLY PARALLEL
IN CRIMINAL CASES, A JUDGEMENT OF CONVIC-
TION FOR A CRIME (W09-58-128() IS VOID (WH-
ENCE) THE (COMPLAINT-ARREST AFFIDAVIT) PUR-
PORTING TO BE A CHARGING INSTRUMENT DOES NOT
SATISFY CONSTITUTIONAL REQUISITES
OF A CHARGING INSTRUMENT, INDICTMENT, IN-
FORMATION OR COMPLAINT. APPLICANT WAS
CHARGED AND ARRESTED AND DETAINED ON THE
INFECTED, NULL AND VOID ARREST AFFIDAVIT
PRIOR TO INDICTMENT.
1ST, NIX (668, SEE, DURON V. STATE 956 SW2d
547, 550-551 (TEX. CRIM. APP. 1997), SMITH V.
STATE, 799 SW2d 263, 271-272 (TEX. CRIM. APP. 1990),
THE DALLAS COUNTY DISTRICT COURT NO. 5 DID NOT
HAVE SUBJECT MATTER JURISDICTION OVER
APPLICANT, AND NOW ONLY HAS THE LEGAL DUTY
TO DISMISS W09-58-128, SEE STATE V. ZORRILLA,

5

at 737, CITING VILLAREAL AND SEE, EX PARTE ZORRILLA.

THE STATES FINDING AND FACTS ARE FRIVO-LOUS AND DOES NOT CHALLENGE THIS LEGAL AND CONSTITUTIONAL CLAIMS.

*THE TRIAL COURT MUST ADOPT THE APPLICANT'S FINDING AND FACTS AND CONCLUSIONS OF LAW THAT'S SUPPORTED BY THE PREPONDERANCE OF THE EVIDENCE, ARGUMENT, AND AUTHORITY. SEE, KINDLEY, 264, SUPRA.

APPLICANT'S APPLICATION AND EXHIBITS ARE NOT CONCLUSIONS. SEE, EX PARTE MCPHERSON, 32 SW 3d 800,851 (TEX. CRIM. APP. 2000). APP-LICANT STATES FACTS, SUPPORTED BY RECORD, LAW, ARGUMENT, KINDLEY 264.

SEE, ALSO EX PARTE CHINTALA, 18 2 SW 3d 350,355 FN 3 (TEX. CRIM. APP. 2005), APPLICANT HAS PRESENTED FACTUAL ALLEGATIONS TO THE COURT AND HAS SUPPORTED HIS FACTUAL ALLEGATIONS BY PROOF OF A PREPONDERANCE OF THE EVIDENCE.

SEE, Id 353, CITING, MCCORMICK EVIDENCE 793 2d ed. 1972) EVIDENCE PREPONDERATES WHERE IT IS MORE CONVINCING THAT THE (STATE") OPPOS-ING EVIDENCE.

SEE, EX PARTE WILLIAMS 65 SW3d 656, EX PARTE WILLIAMS, 859 SW 2d 349 (TEX. CRIM. APP.1994), COG-NIZABLE CLAIMS, (1) JURISDICTIONAL DEFECT(S) IN ( DALLAS COUNTY DISTRICT NO.5) CONVICTING COURT OR FUNDAMENTAL OR CONSTITUTIONAL RIGHT(S). (HENDERSON). APPLICANT CLAIM(S) IN (NRH, W09-58-128- (B), ARE COGNIZABLE AND SHOULD

NOT BE DENIED, EX PARTE GRISBY, 137 SW3d 673, 674 (TEX. CRIM. APP. 2004).

SEE, EXPARTE YOUNG, 418 SW3d 694, 699 (TEX. CRIM. APP. 1993), A VOID JUDGEMENT NEED NOT BE RESPECTED.

SEE, BOYER v. ARIZONA, 455 F2d 804 (1972) IT IS ELEMENTARY THAT THE TRIAL (COURT(S)) MUST REVIEW THE VALIDITY OF THE ARREST (AFFIDAVIT) DOCUMENTS AND MAY ONLY CONSIDER THE DOCUMENT, SEE SURRY v. STATE, 815 SW2d 263, 265 TEX. APP. HOUSTON 1991). WE MUST DIRECT OUR ATTENTION TO THE VALIDITY OF THE ARREST AFFIDAVIT OR WARRANT WITHOUT ANY RECORSE TO THE GOODFAITH EXCEPTION, CITING, U.00. 9128913.

XXXXX. SEE, 50 TEX. PRAC. SERIES § 13.2, THE CHARGING DOCUMENT REQUISITES OF COMP-LAINT IN MUNICIPAL OR JUSTICE COURTS. ALSO SEE, MC CORMICK, BLACKWELL, & BLACK-WELL 7TH TEX. PRAC. SERIES § 8.8.2 COMPLAINT. SEE, DIX AND DAWSON, 41 TEX. PRAC. SERIES § 24.1 COMPLAINT IN T.C.C.P. SEE, TEXAS JUR 3RD CRIM. LAW § 2197 AFFI-DAVIT OR COMPLAINT. SEE, ZORRILLA, 737 KN2, CITING T.C.C.P. ART. 45.018 & 45.019.

THE ROLE OF THE TRIAL COURT
SEE, EXPARTE EVANS, 338 S. W3d 545, 546 (TEX. CRIM. APP. 2011) THE TRIAL COURT IS THE COU-

-ECTOR OF THE EVIDENCE, THE ORGANIZER OF THE MATERIALS, THE DECISION MAKER AS TO WHAT LIVE TESTIMONY MAY BE NECESSARY, THE FACTFINDER WHO RESOLVES DISPUTED FACT ISSUES, THE JUDGE WHO APPLIES THE LAW TO THE FACTS, ENTERS SPECIFIC RECOMMENDATIONS AND CONCLUSIONS OF LAW AND TO MAKE SPECIFIC RECOMMENDATIONS TO GRANT OR DENY, RE: CITING EX PARTE SIMPSON, 136 S.W.3d 660, 668 (TEX. CRIM. APP. 2004).

RESPECTFULLY SUBMITTED, 12-25-2014

PRAYER: THERE'S NO DISPUTED FACT ISSUES THE INSTANT ARREST AND CHARGING AFFIDAVIT IS NULL AND VOID; AND APPLICANTS JUDGEMENT IS NULL AND VOID, DUE TO SUBJECT MATTER JURISDICTION IN THE TRIAL COURT.

THE TRIAL COURT MUST ADOPT APPLICANT'S FINDING AND FACTS AND CONCLUSIONS OF LAW SUPPORTED BY AUTHORITY, ARGUMENT, AND RECORD; TO OBTAIN RELIEF FROM THIS COURT AS MANDATED. COURT ORDER APPLICANT IMMEDIATELY REMANDED TO SHERIFF, CUSTODY AND DISCHARGE THE APPLICANT (DISMISS CAUSE NO. W09-58125).

CERT. OF SERV.: I CERTIFY THAT THE JAMES V. ALLRED UNIT MAILROOM STAFF VERIFIED THIS MAILING TO THE DALLAS COUNTY DIST. CLERK C/O DALLAS CO. D.A. OFFICE 147 133 N. RIVER FRONT BLVD. DALLAS TX 75207.

APPLICANT: *Arthur E. Herbert* #1285487 12-25-2014

C/C                    8                    A8

**404 S.W.3d 734 (2013)**

## The **STATE** of Texas, Appellant

v.

**Boris ZORRILLA, Appellee.**

### No. 04-12-00360-CR.

**Court of Appeals of Texas, San Antonio.**

May 22, 2013.

735 Paul J. Goeke, Attorney At Law, San Antonio, TX, for Appellant.

Lauren A. Scott, Assistant District Attorney, San Antonio, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PATRICIA O. ALVAREZ, Justice.

## OPINION

Opinion by: SANDEE BRYAN MARION, Justice.

The **State** of Texas appeals the trial court's granting of appellee's motion to quash the complaint. Because we conclude the complaint was sufficient, we reverse and remand.

## ANALYSIS

The complaint states as follows:

> Before me the undersigned authority on this day personally appeared affiant, who after being duly sworn by me on oath deposes and says that affiant has good reason to believe and does believe that in the County of Bexar and the **State** of Texas, and before the making and filing of this complaint, on this 1 [sic] day of October, 2009, Zorrilla, Boris committed the offense of Criminal Trespass — Habitation against the peace and dignity of the **State**.

An information based on the complaint was also filed. The information alleged that "in said County of Bexar and **State** of Texas, and before the making and filing of this information, on or about the 1st Day of October, 2009, BORIS ZORRILLA, hereinafter called defendant, did intentionally and knowingly REMAIN in a HABITATION of another, namely: Lori Green, without effective consent of Lori Green, and the said defendant having RECEIVED NOTICE TO DEPART BUT FAILED TO DO SO ...."

Appellee filed a motion to quash both the information and the complaint alleging, among other things, that both documents failed to comply with the statutory and judicially-created requirements for a valid information and complaint because the documents did not **state** the time and place of the commission of the offense as definitely as could be done by the affiant. After a hearing, the trial court granted the motion to quash.

A valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2006); *Villarreal v. State*, 729 S.W.2d 348, 349 (Tex. App.-El Paso 1987, no pet.). The purpose of a complaint is to apprise the accused of the facts surrounding the offense with which he is charged so that he may prepare a defense. *Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966); *Kindley v. State*, 879 S.W.2d 261, 262 (Tex. App.-Houston [14th Dist.] 1994, no pet.).

736 The particularity in pleading that is required for an indictment or an information[1] is not required for a complaint, and a complaint will not be dismissed due to a mere informality. *Vallejo*, 408 S.W.2d at 114. A complaint "shall be sufficient, without regard to form," if it has these four "substantial requisites":

> 1. It must **state** the name of the accused, if known, and if not known, must give some reasonably definite description of him.

> 2. It must show that the accused has committed some offense against the laws of the **State**, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.





3. It must **state** the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. It must be signed by the affiant by writing his name or affixing his mark.

TEX.CODE CRIM. PROC. ANN. art. 15.05 (West 2005).

Here, the only disputed requisite at trial and on appeal is the third, which requires the complaint to **state** the "place of the commission of the offense, as definitely as can be done by the affiant." *Id.* On appeal, the **State** asserts the complaint satisfied this requisite because "the complaint states that the affiant believed that the offense was committed on the 1st day of October, 2009 in Bexar County." Appellee counters that this argument would re-write article 15.05 to require the venue, as opposed to the place, of the offense.

The sufficiency of a complaint is a question of law. *See State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004) (considering sufficiency of indictment). The narrow issue before us is whether merely stating "County of Bexar" is sufficient or did the **State** need to allege a more specific location of the habitation appellee is accused of trespassing upon. Because the resolution of this question of law does not turn on an evaluation of the credibility and demeanor of a witness, the trial court in this case was not in a better position to make the determination; therefore, we conduct a de novo review of the issue. *Id.* With one exception[2] we have found no case that specifically answers this issue. However, in other cases, although the issue *737 was not whether "place" was adequately described, courts have concluded the complaints that alleged only the county of the alleged offense to be sufficient.

For example, in *Reyes v. State,* the complaint charging defendant with aggravated robbery was sufficient because it alleged "the affiant has good reason to believe that in Harris County, Texas, Carlton Reyes Franklin (aka Franklin Carlton Reyes) did on or about November 30, 1979, then and there commit the two counts of the offense of aggravated robbery ...." 630 S.W.2d 822, 822-23 (Tex.App.-Houston [1st Dist.] 1982, no pet.). Likewise, in *Vallejo,* the complaint stated, in pertinent part, as follows:

> ... ONE HERMAN R VALLEJO JR [] ON OR ABOUT THE 31 DAY OF MAR —, 1965, AND BEFORE THE MAKING AND FILING OF THIS COMPLAINT, WITHIN THE INCORPORATED LIMITS OF THE CITY OF AUSTIN, IN TRAVIS COUNTY, TEXAS, [] did drive and operate a motor vehicle upon a public street therein situated at a speed which was greater than was then reasonable and prudent under the circumstances then existing, to-wit, at a speed of 45 miles per hour, at which time and place the lawful maximum prima facie reasonable and prudent speed indicated by an official sign then and there posted was 30 miles per hour ....

408 S.W.2d at 114. The Court of Criminal Appeals held the complaint sufficient because the appellant "from reading the complaint, could ascertain with reasonable certainty with what he was being charged so as to properly prepare a defense." *Id.; see also Cisco v. State,* 411 S.W.2d 547, 548 (Tex.Crim.App.1967) (driving while intoxicated "upon a public highway in said Harris County"); *Nam Hoai Le v. State,* 963 S.W.2d 838, 844 (Tex.App.-Corpus Christi 1998. pet. refd) (speeding "upon a public highway outside an urban district upon a federal highway" "in the County of Jackson"); *Kindley,* 879 S.W.2d at 263 (displaying an expired license plate "in the County of Harris").

Based on these cases, we are constrained to conclude the complaint in this case, which only alleged Bexar County as the place of the offense, satisfied the requisites of article 15.05 sufficiently to apprise appellee of the offense with which he was charged so that he could prepare a defense. Therefore, the trial court erred in granting appellee's motion to quash.

## CONCLUSION

We sustain the **State's** issue on appeal and reverse the trial court's order. We remand the cause for further proceedings.

[1] Similarly, the purpose of an information is to notify the accused of the charged offense and its elements so that he may properly prepare his defense. *State v. Laird,* 208 S.W.3d 667, 670 (Tex.App.-Fort Worth 2006, no pet.). The Texas Code of Criminal Procedure sets forth nine requisites for a valid information, including "that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed; ... [t]hat the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation; ... [and] [t]hat the offense be set forth in plain and intelligible words ...." TEX.CODE CRIM. PROC. ANN. art. 21.21(5)-(7).

[2] The only case that contains similar facts is *Villarreal,* in which the following complaint charging the defendant with criminal trespass was held not sufficient: "[O]n (or about) the 27 (sic) day of September, A.D. 1985, and before the making and filing of this complaint, in Justice of Peace Precinct No. 3 of Jeff Davis County, State of Texas, [the accused] did then and there unlawfully and willfully commit criminal trespass Sec. 30.05 class B against the peace and dignity of the State." 729 S.W.2d at 349. The *Villarreal* court, with no further analysis, held article 15.05, section 3 "requires the designation of the place of the offense," reversed the conviction, and remanded with instructions to dismiss. *Id.* However, in that case, the complaint was filed in a justice of the peace court and section 15.05 does not apply to the sufficiency of complaints in justice or municipal courts. *See* TEX.CODE CRIM. PROC. art. 45 (Requisites of Complaint in justice and municipal courts).