

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00140-CR

Matthew David **LEAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 492801
Honorable Jason Wolff, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Jason Pulliam, Justice

Delivered and Filed:  December 7, 2016

AFFIRMED

Matthew Leal appeals the trial court's denial of his Motion to Quash the Complaint and Information, contending the complaint in this case is inadequate to support the State's information. Because this court concludes the complaint is sufficient to support the information, the trial court's judgment is affirmed.

### BACKGROUND

The State filed an information and sworn-to complaint against Leal on June 16, 2015.  The information states:

On or about the 8th day of June, 2015, MATTHEW DAVID LEAL, with intent to deprive the owner, HEB, of property, namely: two (2) Health or Beauty item(s) did unlawfully, without the effective consent of the owner, appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had a value of Fifty Dollars ($50.00) or more but less than Five Hundred Dollars ($500.00).

The complaint states:

Before me the undersigned authority on this day personally appeared affiant, who after being duly sworn by me on oath deposes and says that affiant has good reason to believe and does believe that in the County of Bexar and the State of Texas, and before the making and filing of this complaint, on or about the 8th day of June, 2015, LEAL, MATTHEW DAVID committed the offense of MB THEFT $50 - $500 against the peace and dignity of the State.

Appellant filed a Motion to Quash the Complaint and Information on February 8, 2016, and the trial court held a hearing on the motion on February 24, 2016. Leal argued the complaint is not specific enough to charge him with the offense of theft and could not support the information in his case. The trial court denied Leal's motion. Leal subsequently pleaded "no contest" to the offense of theft while reserving his right to appeal the trial court's denial of his motion.

This appeal followed.

## ANALYSIS

### *Standard of Review*

A trial court's order regarding a motion to quash a charging document is reviewed de novo because the sufficiency of a charging instrument is a question of law. *Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010).

### *Application*

A valid complaint is a prerequisite to a valid information. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2009). The purpose of a complaint is to apprise the accused of the facts surrounding the offense with which he is charged so that he may prepare a defense. *State v. Zorilla*, 404 S.W.3d 734, 735 (Tex. App.—San Antonio 2013, no pet.). The particularity in pleading that

is required for an indictment or an information is not required for a complaint, and a complaint will not be dismissed due to a mere informality. *Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966). A complaint "shall be sufficient, without regard to form," if it has these four "substantial requisites":

1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. It must be signed by the affiant by writing his name or affixing his mark.

TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2015)

In this case, the only requisite Leal disputed at trial and on appeal is the second, which requires the complaint to "show that the accused has committed some offense … or that the affiant has good reason to believe, and does believe, that the accused has committed such offense." *Id*. Leal asserts on appeal the complaint did not satisfy this requirement because the complaint's identification of the offense as "MB Theft $50 - $500" lacks specificity with regard to whether the property was taken unlawfully or without the owner's consent.

It has long been the law that "particularity as a requisite in an information is not necessary in the complaint on which it is founded, nor are discrepancies between [the complaint and the information] of any consequence, provided there is accordance in substance." *Holland v. State*, 623 S.W.2d 651, 652 (Tex. Crim. App. 1981). Further, the complaint used to support an information does not have to measure up to standards for complaints upon which search warrants are issued. *Chapa v. State*, 420 S.W.2d 943, 944 (Tex. Crim. App. 1967) (citing *Cisco v. State*,

411 S.W.2d 547 (Tex. Crim. App. 1967)). A complaint in support of an information serves only as the basis for a criminal prosecution. *Id*.

A complaint must meet the requirements of article 15.05 and be sufficient to apprise the accused of the facts surrounding the offense with which he is charged in order to prepare a defense. *Id*; *Zorilla*, 404 S.W.3d at 735, 736. Section 31.03 of the penal code, entitled "Theft," provides in pertinent part:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

TEX. PENAL CODE ANN. § 31.03 (West Supp. 2016). Section 31.03 goes on to define three different ways in which appropriation can be unlawful. *Id*. At the time of the instant offense, the punishment range for Class B misdemeanor theft was defined as an offense in which the stolen property was valued between $50 and $500. *See* Acts 2015, 84th Leg., ch. HB 1396, § 6 (amended 2015) (current version at TEX. PENAL CODE ANN. § 31.03(e)(2)).

The complaint in this case is signed by the affiant, names the accused, and states the place and date of the commission of the offense. Additionally, the complaint indicates Leal committed the offense of "MB THEFT $50 - $500." This court is not persuaded by Leal's argument that the State was required to include language stating whether the stolen property was taken unlawfully or without the owner's consent. The complaint lists the offense as "theft" which matches the title of the penal code section regarding the offense. Further, the value amount listed in the complaint indicates the offense level as a Class B misdemeanor, as does the notation "MB."

This court concludes the complaint satisfies the requirements of article 15.05 and is sufficient to apprise the accused of the charged offense in order to prepare a defense. The complaint in this case is sufficient to support the information.

Leal's issue on appeal is overruled.

## CONCLUSION

Based on the forgoing reasons, the trial court's judgment is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH